Stahl, Respondent, vs. Broeckert, Appellant.

*January 15—February 10, 1920.*

*Limitation of actions: Fraud: Action for money damages: Time of accrual of cause of action.*

An action for a money judgment for damages caused by defendant's fraud in procuring plaintiff to sign a note and mortgage being purely a legal action, the cause of action accrued when the fraud was perpetrated and not when it was discovered by plaintiff; and sub. (7), sec. 4222, Stats., providing that a cause of action for relief on the ground of fraud in a cause cognizable in equity does not accrue until discovery of the fraud, does not apply.

Appeal from an order of the circuit court for Milwaukee county: Lawrence W. Halsey, Circuit Judge. *Reversed.*

The appeal is from an order overruling a demurrer to the plaintiff's complaint. This action was brought by the plaintiff against *William Broeckert,* Hugo J. Stahl, and Bertha Stahl to recover damages on account of fraud. The complaint alleges that the plaintiff is a widow sixty-five years of age, of German descent, and unable to read or write the English language; that the defendant *William Broeckert* is a notary public, versed in the drafting, execution, and acknowledgment of deeds, mortgages, and other legal documents; that prior to the 30th day of September, 1908, this plaintiff had agreed to purchase certain real estate from one Joseph H. Klein for $2,000. By the terms of the agreement plaintiff was to deliver to Klein a note for $1,000, her note for $850 secured by mortgage on the property, and the balance in cash; that on the 30th day of September, 1908, this plaintiff and said Klein and his wife met for the purpose of consummating the purchase of said premises; that the defendant *William Broeckert* was called to draft the necessary instruments; that said *Broeckert* knew that plaintiff was unfamiliar with the execution of legal documents and that this plaintiff then and there relied upon the honesty and integrity of said defendant *William Broeckert*

to· properly make and prepare the necessary instruments; "that at that time and place the said defendant *William Broeckert,* being then and there, as this plaintiff is informed and verily believes, in league and collusion with the defendants Hugo J. Stahl and Bertha Stahl, and for the purpose of defrauding this plaintiff and for their own gain and benefit, wilfully and fraudulently procured the signature of this plaintiff to a certain note and mortgage for $800 purporting to be payable to one Peter Meinert; that, as this plaintiff is informed and verily believes, the said Peter Meinert had no knowledge of the fraudulent procurement of the execution and signing of the note and mortgage set forth herein, and, as this plaintiff is informed and verily believes, paid to the said defendants the sum of $800 as consideration for such note and mortgage in good faith;" that plaintiff did not intend to execute said note and mortgage to said Peter Meinert and that her signature was attached thereto without her knowledge, without knowledge on her part as to the nature and contents thereof, and through the fraudulent machinations of said defendant *William Broeckert;* that by reason of the fraudulent acts of said defendant the said note and mortgage became a valid and outstanding incumbrance upon the title of this plaintiff to the premises therein described, and that in order to remove such incumbrance plaintiff was compelled to and did on the 27th day of January, 1913, cause to.be paid to the said Peter Meinert the sum of $781.14 to procure a release and discharge of said incumbrance. The prayer is for judgment against the said defendants for the sum of $900, together with the costs of the action.

To this complaint the defendant *William Broeckert* demurred on the ground "that it appears upon the face of said complaint that said action was not commenced within the time limited by law, that is, by sec. 4222 of the Wisconsin Statutes." · The court overruled the demurrer, and the defendant *Broeckert* appeals from such order.

The cause was submitted for the appellant on the brief of *Hougen & Brady* of Manitowoc, and for the respondent on that of *Lorenz & Lorenz* of Milwaukee.

OWEN, J.   It is conceded that this action is barred by sec. 4222, Stats., unless it was brought within six years after the cause of action accrued.   The question is, When did the cause of action accrue?   Plaintiff contends that this action is controlled by sub. (7), sec. 4222, which in effect provides that a cause of action for relief on the ground of fraud in a case which was on and before the 28th day of February, 1857, cognizable solely by the court of chancery, is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.   The complaint alleges that the facts constituting the fraud were not known to plaintiff until on or about the month of July, 1912, and if said sub. (7) is controlling the action was brought before it was barred by the statute.   It is well settled that said sub. (7) relates only to equitable actions and does not affect purely legal actions.   This was made so plain in *Pietsch v. Milbrath,* 123 Wis. 647, 101 N. W. 388, 102 N. W. 342, that nothing further need be said.   A consideration of the complaint herein discloses that this is an unadulterated legal action brought for the specific purpose of recovering a money judgment for damages occasioned by the fraud alleged.   Such being its nature, the cause of action accrued when the fraud was perpetrated and not when it was discovered by plaintiff, and the statute of limitations had run thereon long before this action was commenced.   The demurrer should have been sustained.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer to the plaintiff's complaint.