DARLING and others, Respondents, vs. NELSON and another, Appellants.

*February 13—May 4, 1920.*

*Limitation of actions: Action for money damages: Time of accrual: Failure to plead statute of limitations where equitable relief is sought: Effect: Question first raised on appeal.*

1. Where sisters were induced by brothers to convey to them their interests in the realty of their deceased father for an amount less than the actual value of such interests, the sisters' cause of action for damages accrued at the time of such conveyance and was barred where not brought within six years thereafter, under sub. (3), sec. 4222, Stats., notwithstanding the sisters did not discover that they had not received full value for their interests until within six years before the commencement of the action, such action not being an equitable action for relief from fraud within sub. (7) of said section, providing for the commencement of such action within six years after discovery of the fraud.

2. Where the court denied cancellation of the deeds prayed for by plaintiffs and rendered judgment awarding money damages, the supreme court on appeal will reverse the judgment on the ground that the action was not brought within six years from its accrual, notwithstanding defendants did not plead the statute of limitations, plaintiffs not having asked for money damages and defendants therefore having had no opportunity to plead such statute.

APPEAL from a judgment of the circuit court for Waushara county: BYRON B. PARK, Circuit Judge. *Reversed.*

The plaintiffs and defendants other than Edith Nelson are brothers and sisters and children of one Thomas Nelson. Edith Nelson is the wife of *Andrew Nelson.*

The estate of Thomas Nelson, who died in May, 1896, was duly probated in the county court of Waushara county, and the real estate of which he died seised, comprising 160 acres of land, was assigned in equal shares to said children subject to the dower and homestead rights of the widow, who still survives.

For a long time after the death of the father the defendant *Sever Nelson,* who was the second oldest child, with the aid of his mother conducted and managed the entire farm, and thereby all the members of the family remaining at home received support and care. In 1903, 1904, and 1910 the daughters *Clara, Mary,* and *Olga* were respectively married.

In 1907, pursuant to an understanding between all interested, the two plaintiffs *Olga* and *Clara* jointly executed two deeds, one of the forty-acre tract upon which was the homestead, to the defendant *Sever Nelson,* and a second of the remaining three forties to the defendants *Sever* and *Andrew.* The first of these was recorded on the day the two were executed, December 11th. A few days later the other sister, the plaintiff *Mary,* executed two similar deeds, neither of which was recorded.

At the time of the conveyances in 1907 it was understood as a part of the then agreement that the widowed mother should continue to live on the farm and be supported by the defendants *Sever* and *Andrew.*

Early in 1908 the defendants *Sever* and *Andrew Nelson,* with the mother, executed a mortgage for the sum of $1,800 which was recorded. Out of this money $200 was paid to each of the sisters *Clara* and *Mary,* being the amounts that it is claimed were to be paid by the two boys to such sisters under the agreement of December, 1907.

In 1910 the farm was rented for four years to *Olga* and her husband, who retained the possession thereof during that time and took care of the widow under an agreement

Darling v. Nelson, 171 Wis. 337.

for compensation for so doing to be paid by the defendant *Sever*.

Early in 1912 the defendants *Sever* and *Andrew,* being desirous of executing a new mortgage upon the farm, discovered that but one of the four deeds executed in December, 1907, had been recorded. Thereupon new deeds were obtained from the three sisters, similar in form to those of 1907, and which were recorded January 13 and 18, 1912, and immediately afterwards a new mortgage for $2,500 was executed.

In July, 1913, the plaintiffs claimed to have discovered in some way that there was a mistake in the computation as to their respective interests as heirs at law at the time of the transaction in 1907, but nothing definite was known or stated in that regard.

In December, 1913, the plaintiff *Olga* was paid $1,000 by the defendants *Sever* and *Andrew,* and a receipt given signed by the plaintiff *Olga Darling* and her husband in the following language: "Received of *Sever Nelson* and *Andrew Nelson* $1,000 in full payment of all claims against them and the estate of Thomas Nelson." This $1,000 covered two items, one of the $300 which it was agreed should be paid to her in December, 1907, and $700 for the support of the mother during the four years the *Darlings* were in possession of the farm; it having been understood in 1907 that the plaintiff *Olga Darling* was entitled to a larger interest than the two sisters on account of her having lived longer on the premises and assisted in taking care of the same.

This action was commenced in 1918. It was an equitable proceeding wherein the three sisters as plaintiffs demanded judgment against the defendants canceling and setting aside the deeds heretofore described of 1907 and 1912 and the record thereof in the office of the register of deeds, and requiring the defendants to account for the rents and profits

of the farm and adjusting the rights of the parties in the premises. The substance of the allegations upon which such prayer for relief was based were recitals as to the relationship of the parties, the trust and confidence the plaintiffs had in the defendant brothers, the assistance the plaintiffs gave in carrying on the work on the farm during the times they were still living there and on their occasional returning to the farm and then helping, and their unfamiliarity with business transactions and ignorance of land values. That in 1907 it became necessary to build a new barn on the farm and that the plaintiffs then agreed that they would convey eighty of the 160 acres to the defendants, and that as consideration therefor the defendants should pay to the plaintiffs *Mary* and *Clara* each the sum of $200 and to the plaintiff *Olga* $300. That then the defendants were to pay off the existing mortgage on the premises, build a barn on the homestead, and support the mother during the balance of her life, and that upon the death of the mother each of the plaintiffs would share equally with the defendants in the remaining eighty acres of the farm, and until such time such last mentioned eighty acres, including the homestead, should continue to be owned in equal shares by the parties. That pursuant to the agreement the defendant *Sever Nelson* had the deeds prepared for execution, but made them contrary to the agreement heretofore described; that plaintiffs relied upon the promise of the defendant *Sever* to have the papers so prepared as to carry out what they allege was the agreement and his representation to them at the time the deeds were presented for signature that they were all for but eighty acres and did not include the homestead forty.

That as to the second set of deeds in January, 1912, the defendant *Sever* represented to plaintiffs that he needed their signatures to such papers as were then presented in order to enable him to borrow money to pay up the old mortgage and that such papers so presented, signed, and

executed by the plaintiffs were exactly the same as the prior ones of 1907, and that they were not read nor explained to plaintiffs at the time of their signing.

Defendants answered and alleged in effect that the deeds of 1907 and 1912 were respectively in accordance with the agreement made in 1907, and that those of 1912 were solely for the purpose of taking the place of the two which had been executed in 1907, and, being lost or mislaid, had never been recorded. Defendants further answered and counterclaimed to the effect that they had been in possession of said premises holding adversely to the plaintiffs by title founded upon the deeds of 1907, and further, that while so holding possession under said deeds and adversely to the plaintiffs they have made valuable improvements upon the said premises and paid taxes thereon. The defendants demanded judgment that the complaint be dismissed, or, in case of the plaintiffs being awarded possession of the premises or any part thereof, that the defendants be allowed for improvements and taxes paid and for such other and further relief as may be just and equitable.

By amended answer the defendants asserted as an additional defense that the plaintiffs are estopped by laches from claiming title to said lands or any interest therein.

By reply the plaintiffs denied every material allegation in the counterclaims.

The court found: That there had been an increase of $1,500 in the value of the homestead between 1896 and 1907, which increase was due almost entirely to the improvements made thereon; that the farm in 1907 was worth about $7,000, and in 1912 about $8,500, and in the year 1918 to 1919 about $9,000. That upon *Andrew Nelson,* the youngest child, becoming of age in 1907, all the parties interested came to an understanding that the estate should be divided and as a basis of division that the three girls should be paid off and the land deeded, subject to the rights of the widow, to the two defendants *Sever* and *Andrew,* but

to be so deeded that *Sever* should have the larger interest in recognition of work and labor since the death of the father. That none of the plaintiffs gave any attention or heed to the matters of the estate, but relied completely and entirely upon *Sever* and knew nothing of business matters nor what their interest in the farm was. That the defendant *Sever* went about the business of carrying out the understanding as to the deeding of the property with the purpose of dealing fairly and rightly with his sisters, and never at any time, and certainly not until after the year 1913, had any purpose to do them any wrong and had no knowledge that any wrong had been done them. That after the execution of the deeds defendant *Sever* paid to the sisters *Clara* and *Mary* each $200, believing that such was a liberal payment in full of the interest of each, and they each received and accepted said sum as the sum which was due them for their interest, relying entirely on their brother as to the sum which was proper and right they should be paid for their interests. That it was a part of the understanding that *Olga* should remain with her brothers and receive a larger sum to be paid at a later date. That in July, 1913, plaintiffs caused some investigations to be made and became convinced that they had not been paid money enough and so claimed to both defendant *Sever* and *Andrew,* and the latter both promised that they would make it right, but neither the plaintiffs nor the said defendants know what their error was nor how much was due the plaintiffs and no more definite demand or promise was made than as stated, and that plaintiffs relied upon such promises. That the payment of the $1,000, including the $300 for her interest in the estate, was made in December, 1913, to the plaintiff *Olga.* That *Sever Nelson* during the entire transactions acted as a fiduciary toward his sisters and mother and they at all times relied upon him and took his word for everything. That neither in 1907 nor in 1912 did either *Sever* or *Andrew* do any intentional wrong, but that the mistake as to a basis for

figuring the present value of the plaintiffs' interests operated as a wrong and fraud upon them, which was not discovered until 1913 and was not known by the defendants before that time.    That a wrong was done the plaintiffs in 1907 when the present values of their interests were figured on the 1896 values instead of upon the 1907 values.    That defendant *Sever* reported the understanding arrived at to the attorney who had probated the father's estate, who made computation of the then present value of the widow's interest and the respective interests of the heirs upon the values as of 1896, instead of 1907, as the basis of settlement.    That it was a part of the understanding in 1907 that the defendants *Sever* and *Andrew* were to take care of the mother, and that they have performed that duty; that the plaintiffs did not delay bringing suit against the defendants to the injury of the defendants; that for a portion of the time the delay is attributable to the promise of *Sever* to make matters right and some delay attributable to the uncertainty they were in as to their rights, and some delay came from war activities.

As conclusions the court found:

That no statute of limitations barred the action and there was no laches on plaintiffs' part; that the receipt of *Olga Darling* of December 7, 1913, was not a bar; that there was no intentional fraud or wrong done by *Sever,* at least prior to the year 1913, but that his mistake in the present value of the plaintiffs' interests, in view of the fiduciary relation he bore to the plaintiffs, operates as a wrong and a fraud upon them entitling them now to relief in the form of a money judgment to be made a lien upon the premises, subject to the existing mortgages, homestead, and dower rights of the widow.

That the amount due the plaintiffs *Clara* and *Mary* is to be determined by taking the value of the land in 1907, deducting the indebtedness then existing and the widow's interest in the property, then allowing a one-fifth interest to each heir, adding to it one fifth of the value of the personal

property (which by the findings was determined to have passed to the defendants in 1907), and then substracting the $200 paid and computing interest on the same from July, 1913.

A similar provision as to the amount due the plaintiff *Olga,* except that the deduction be $300 instead of $200, and computing interest from December, 1913. No costs were allowed either party, except the defendants to pay the balance of the clerk's fees.

The judgment entered in accordance with the said findings provided:

(1) That the plaintiff *Olga Darling* do have and recover from the defendants *Sever Nelson* and *Andrew Nelson* the sum of $752.68.

(2) That the plaintiff *Clara* do have and recover from the defendants *Sever Nelson* and *Andrew Nelson* the sum of $903.16.

(3) The plaintiff *Mary Dobbie* the same as the plaintiff *Clara Smith.*

(4) That the title to the homestead forty acres is adjudged to be in the defendant *Sever Nelson,* subject to the homestead rights of the widow.

(5) That the title to the remaining 120 acres is adjudged to be in the defendants *Sever* and *Andrew Nelson* in equal undivided shares, subject to the dower rights of the widow.

(6) That the aforesaid judgments in favor of the plaintiffs are a lien upon the lands, subject to the mortgages, homestead and dower rights.

From the judgment so entered the defendants have appealed.

For the appellants there was a brief by *E. F. Kileen* of Wautoma and *Goggins, Brazeau & Goggins* of Grand Rapids, and oral argument by *Mr. Kileen* and *Mr. Theo. W. Brazeau.*

For the respondents there was a brief by *Gad Jones* of Princeton and *Lehner & Lehner* of Oconto Falls, and oral argument by *Mr. Philip Lehner* of Princeton and *Mr. Jones.*

Darling v. Nelson, 171 Wis. 337.

The following opinion was filed March 9, 1920:

ESCHWEILER, J.    The court below found, and under the
testimony in the record before us there is ample support for
such finding, that the claim of the plaintiffs that there was
an intentional fraud perpetrated upon them either in 1907
or 1912 by the defendants, or either of them, was not in
accordance with the facts, and in effect that the understand-
ing of the parties was that all of the real estate, instead of
but eighty acres thereof, should be conveyed to the defend-
ants and in accordance with the terms of the various deeds.
The title thus conveyed by such respective deeds of 1907
and 1910 was expressly confirmed by the judgment herein.

These findings and the judgment entered thereupon
negative the existence of facts upon which could be predi-
cated the equitable relief which was the substance of the
prayer in plaintiffs' complaint.    The court found facts as
the basis for, and thereupon gave plaintiffs, a judgment
which was in form, substance, and effect for money damages
alone and not for equitable relief.

The right to such legal damages as were thus adjudged
by the court sprang into being, if ever, in 1907 at the time
there was made the mistake in estimating the amount to be
paid the respective plaintiffs for their interests in the real
estate.    It came into being, if at all, when, pursuant to the
agreement, the conveyances of the real estate were made for
a consideration the amount whereof was computed at a
lesser amount than it should have been.    The only right
plaintiffs had after the delivery of the deeds which were
intended to and did convey all the interest of plaintiffs in
the real estate was to demand from defendants larger
amounts of money than those paid.    It was a then present
right to have more money, was due then, arose then and not
afterwards.

Being, therefore, but a money demand, it became then
subject to the provisions of sub. (3), sec. 4222, Stats., pre-
scribing six years as the limit of the period within which

an action might be brought for the recovery upon such an obligation, and it was barred long prior to the commencement of this action.

That the parties remained in ignorance of the alleged mistake in computation and of their possible rights in the matter until 1913 did not prevent the application of the statute of limitations above mentioned nor bring them within sub. (7) of the same statute, providing for the commencing of the running of the six years from the time only of the discovery of the fraud for which relief may be had in certain equitable actions. Jacob v. Frederick, 81 Wis. 254, 51 N. W. 320; Pietsch v. Milbrath, 123 Wis. 647, 659, 101 N. W. 388, 102 N. W. 342; State v. C. & N. W. R. Co. 132 Wis. 345, 361, 112 N. W. 515; Ott v. Hood, 152 Wis. 97, 100, 139 N. W. 762; Stahl v. Broeckert, 170 Wis. 627, 176 N. W. 66.

It is further suggested that inasmuch as there was no specific reliance upon the statute now made the basis of the present disposition of this matter by pleading it in the court below, defendants cannot now take advantage of the same.

The defendants, however, had no proper opportunity nor then need of asserting their reliance upon such statute in the court below. The plaintiffs asked only for relief proper in an action in equity. The court denied them such relief and of his own motion gave them that which would be proper in an action at law. This, therefore, is the first opportunity the defendants have had to assert such statute, and they are entitled to its benefits. It follows, therefore, that the judgment awarding money damages to the plaintiffs as against the defendants must be vacated and set aside because barred by the statute of limitations and the complaint be dismissed.

*By the Court.*—The judgment so far as awarding money damages to the plaintiffs is reversed, and the cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on May 4, 1920.