Foster vs. Taggart.

FOSTER vs. TAGGART.

*February 7 — March 14, 1882.*

CAUSE OF ACTION. *Damages for false representations in sale of securities.*

In an action not for a rescission but for damages for the false representations of defendant in the sale of a note and mortgage, where the validity of the instruments is not denied, and it does not appear that the mortgage has been foreclosed, the complaint is bad if it fails to show that the securities are insufficient, and what would be the probable deficiency upon a sale on foreclosure of the mortgage.

APPEAL from the Circuit Court for *Fond du Lac* County. Action to recover damages for false representations made by defendant to the plaintiff in the sale of a note and mortgage. On the trial, defendant's objection to the admission of any evidence under the complaint, on the ground that it did

not state a cause of action, was overruled. From a judgment entered in favor of the defendant for costs, etc., the plaintiff appealed.

The cause was submitted for the appellant on a brief signed by *J. J. Foote* and *E. L. Runals*, as his attorneys, with *E. S. Bragg*, of counsel.

*C. W. Felker*, for the respondent.

ORTON, J.    Objection was taken to any evidence under the complaint, on the ground that the complaint did not state facts sufficient to constitute a cause of action; and such objection was sustained by the court.    The action is for deceit or false representations by the defendant in the sale of a note and mortgage, and for damages occasioned thereby.    The representation was, (1) that the mortgage was good, first-rate security for the sum promised by the notes and interest; (2) that $800 to $1,000 had been several times offered for one 40 of the 160 acres of land mortgaged, and that the defendant did not consider the 40 for which the offer was made better than either of the others; (3) that the premises were improved; and (4) that the mortgagor lived on the land.    The further allegations material to be considered were:   "That the plaintiff, believing at the time said representations to be true, and relying thereon, was thereby induced to purchase the said notes and mortgage of the said defendant, and did so purchase the same, and to pay and did pay to the defendant $1,050 therefor; and that the said representations and each of them were *then and there false* and untrue, and known by the defendant at the time to be so;   .   .   .   that [the mortgaged premises] were not *then* an adequate security for more than $200; that the defendant never pretended or claimed that [the mortgagor] was personally responsible for any sum whatever, and this plaintiff believes that if any such person exists he is wholly irresponsible and insolvent, and was at the time of the purchase,   .   .   .   to the damage of the plaintiff of $850 and interest from the 15th day of August, 1874."

The purchase was made at the last-mentioned date, at the city of Ripon, between thirty and fifty miles distant from the mortgaged premises. This suit was brought in 1879.

These representations are material only as they go to the adequacy and sufficiency of the mortgage as security for the note, and the damages are measured by the deficiency. This is not an action to rescind a bargain, or to recover the value of lands purchased by the inducement of fraud. It is to recover that part of the debt which the mortgage fails to secure. The maxim of universal application is, that "fraud without damage, or damage without fraud," does not constitute a cause of action. In such a case "the *gravamen* of the charge is, that the plaintiff has been deceived to his *hurt*, not that the defendant has gained an advantage." *Fisher v. Mellen*, 103 Mass., 505; Bingham on Sales, § 429; Cooley on Torts, 62. The general rule respecting fraud in sales is, that the damage is to be ascertained by the difference between the real value of the thing sold and the value according to the representations at the time of the purchase or of the representations. But such cannot be the rule in a case like this. The damage or loss, if any, could have been ascertained at any time by foreclosure and sale, and in this way only could the real damage or loss be ascertained with certainty. Not having foreclosed, such damage can now only be approximated by the testimony of witnesses, by opinion or otherwise, as to the market value of the mortgaged property, as the probable amount which could have been realized by foreclosure.

If the plaintiff had foreclosed the mortgage, and realized his entire debt and costs, at any time since the purchase, no one would contend that he could then have brought this action and recovered the difference between the market value of the mortgaged premises and its represented value at the time of the purchase, without reference to what he had already realized by the foreclosure. In that case the question would be, What was the real deficiency? and in this case it is, What would be the probable deficiency in case of foreclosure at the time this

action was brought? This makes the question of the value of the mortgage security at the time this action was commenced, a vital and material one, and such fact must of necessity be proved in order to ascertain what damage, if any, the plaintiff has suffered by the fraud. For aught that appears by this complaint, the mortgaged premises were ample security for the note, and the plaintiff has lost nothing. If essential to be proved, then this fact must be averred, to constitute a cause of action. " The *probata* and the *allegata* must concur," the counsel on both sides of the argument admit. The absence of any averment that the mortgaged premises were insufficient in value to secure the note, and the extent of such insufficiency at the time the action was commenced, is a defect fatal to the complaint. It does not appear by any allegation, presumption or inference, that at the time the action was brought the plaintiff had suffered any damage whatever by reason of the misrepresentation.

In cases of the purchase of land by the inducement of fraudulent representations of its value, the purchaser may not be affected by any change of its value after the purchase, and he would be entitled to the profits of his bargain. But not so here: the plaintiff can only recover what he has finally lost by the fraud in the deficiency of his security. This complaint studiously states the comparative value of the mortgaged property, and the loss and damage at the time of the purchase. It seems clear that the case as made by the complaint is one of mere fraud without damage. *Nye v. Merriam*, 35 Vt., 438; *Medbury v. Watson*, 6 Met., 246; *Adams v. Paige*, 7 Pick., 542; *Newell v. Horn*, 45 N. H., 422; *Randall v. Hazelton*, 12 Allen, 414; *Phipps v. Buckman*, 30 Pa. St., 402; *Bartlett v. Blaine*, 83 Ill., 25; *Castleman v. Griffin*, 13 Wis., 535; *Barber v. Kilbourn*, 16 Wis., 485.

For this defect in the complaint we think the objection to any evidence under it was properly sustained.

*By the Court.*— The judgment of the circuit court is affirmed.