BEETLE and others, Appellants, vs. ANDERSON, Respondent.

*November 13 — December 10, 1897.*

*Sale of chattels:* Caveat emptor: *Fraud: Instructions to jury: Agency: Damages: Parties.*

1. The rule of *caveat emptor* has no application where a purchase is induced by fraudulent representations on the part of the seller.
2. An error in instructing the jury, in a case where a purchase was induced by fraudulent representations, that the rule of *caveat emptor* applies, is not cured by a further instruction that a purchaser has a right to rely upon representations made by the seller as to matters within the knowledge of the seller but not known to the purchaser.
3. In a case where an agent, acting for the purchasers, received representations from the seller as to the value of the property included in the mortgage proposed to be purchased by him, and the financial standing of the indorsers of the notes secured thereby,

| | |
|---|---|
| 98 | 5 |
| 104 | 359 |
| 98 | 5 |
| 105 | 354 |
| 98 | 5 |
| 112 | ⁴143 |
| 98 | 5 |
| 113 | ¹425 |
| 98 | 5 |
| 116 | ³335 |
| e116 | ¹402 |
| 116 | ³418 |

which were false, and which being reported by him to the plaintiffs induced them to purchase such mortgage, an instruction that if such agent was not appointed the agent of the defendant his representations to the plaintiffs would not bind him, and, if he was such agent, the defendant would not be bound thereby unless the agent made them with knowledge that they were false, or made them with defendant's knowledge and the defendant knew them to be false or had no reason to believe them to be true, is erroneous, because the seller is responsible in such a case for the representations made by him to the plaintiffs' agent, even though the latter may, for some purposes, represent the seller also.

4. The measure of damages recoverable by one who was induced to purchase a mortgage by fraudulent representations as to the value of the mortgaged property and the responsibility of the indorsers of the notes secured thereby, is a sum equal to that portion of the mortgage debt which the securities, when properly applied, will fail to pay, when, if they had been as represented, they would have been adequate to pay the whole debt.

5. Where several persons, induced by false representations, purchased a mortgage, each contributing one fourth of the money, *held*, that their interests in the securities were joint, and they might properly sue jointly for the fraud.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

This is an action to recover damages for fraud in the sale of an interest in a mortgage on lands and personal securities. The defendant sold to the plaintiffs an undivided one-half interest in certain promissory notes which were secured by mortgages on land and on chattels, and by the pledge of certain stock in a corporation for manufacturing lumber. The notes were of the amount of $20,619.20. The transaction was negotiated by a broker, one Charles Wattley, who seems to have been employed by the plaintiffs to find opportunities for safe investments. It is claimed that the defendant falsely represented to this agent of the plaintiffs that the real-estate mortgage which secured these notes was a purchase-money mortgage; that the lands described in it had been bought by the mortgagor from the Wisconsin Lum-

ber & Manufacturing Company, of La Crosse, for $20,619.20, which was the true and actual consideration for which the land had been sold to the mortgagor, and that the lands were of that value; whereas, in truth and in fact, the lands had been sold to the mortgagor for $13,750, as the defendant well knew. The notes bore the indorsement of the Wisconsin Lumber & Manufacturing Company, of La Crosse. It is alleged that the defendant represented to the said agent, and so to the plaintiffs, that that corporation had a paid-up capital of $100,000, and a surplus of at least $10,000, and was in a prosperous condition, and solvent; that it had recently declared and paid a cash dividend of seven per cent., and had sufficient surplus and net earnings to pay a dividend each year; that its stock was at a premium; that so it was a responsible indorser of the notes. The notes were also secured by chattel mortgage and by pledge of stock of the corporation to the amount of $10,000, which was represented to be worth above par; whereas, in truth and in fact, the corporation had not paid a cash dividend, and was not in a prosperous condition, but was practically insolvent, and its stock was not worth par, and it was not a responsible indorser, nor the pledged stock of any value as security, and the securities were inadequate; all of which the defendant well knew, or should have known. The defendant denied the making of the alleged representations, and that denial formed the principal issue tried. The verdict was for the defendant. From judgment on that verdict the plaintiffs appeal.

For the appellants there was a brief by *Fruit & Brindley*, and oral argument by *J. J. Fruit.*

For the respondent there was a brief by *Higbee & Bunge*, and oral argument by *E. C. Higbee.* They contended, *inter alia*, that, this being an action *ex delicto*, the plaintiffs could not recover without showing that the defendant knew of the falsity of the representations made on his part. *Sweeny v.*

Beetle and others vs. Anderson.

*Vroman*, 60 Wis. 278; *Pierce v. Carey*, 37 id. 232; *Barndt v. Frederick*, 78 id. 1; *Rood v. Taft*, 94 id. 380; *Kelly v. Troy F. Ins. Co.* 3 id. 259; *Ring v. Ogden*, 45 id. 305; *Union P. R. Co. v. Barnes*, 64 Fed. Rep. 80; *Lamberton v. Dunham*, 165 Pa. St. 129; *Sylvester v. Henrich*, 93 Iowa, 489; *Kountze v. Kennedy*, 29 L. R. A. 360. If an agent makes a misrepresentation on his own responsibility, believing it to be true, and the principal has not directed him to make it, and has no knowledge that he has made it, the representation will not amount to fraud on the part of either principal or agent. *Coddington v. Goddard*, 16 Gray, 436; *Smith v. Tracy*, 36 N. Y. 79; *Cornfoot v. Fowke*, 6 Mees. & W. 358, 368.

NEWMAN, J. The principal errors claimed are in the instructions of the court.

The court instructed the jury, at the defendant's request, that "it was the duty of the plaintiffs to make investigation for themselves as to the nature, quality, and value of the securities offered and purchased by them; and the maxim, 'let the purchaser beware,' is applicable to the sales of all species of personal property." The issue in the case was whether the sale had been induced by fraudulent representations of the seller. The rule *caveat emptor* has no application to cases of fraud. Story, Sales (4th ed.), § 378. While it is always wise for the purchaser to be on the alert against deception, the law still permits him to confide in the statements of the seller; and it makes no difference in the rule if the purchaser makes some investigation for himself, where the truth or falsity of the representations are not readily discoverable by him. *Porter v. Beattie*, 88 Wis. 22. So this instruction was error. But the defendant claims that the error was cured, and its bane neutralized, by an instruction which the court gave later of its own motion. The court said: "When a person makes representations of material matters affecting the kind, quality, or value of property,

for the purpose of inducing parties to purchase the same, which are within the knowledge of the seller and are not known to the purchaser, the purchaser has the right to rely on such representations." This really seems to be unexceptionable. But it cannot be a complete antidote for the former error, for, when combined, the compound is scarcely, if any, less baneful than the single unmixed element of error. Combined, the instructions are to the effect that, although the plaintiffs had the right to rely on the representations made by the defendant, yet, if they did so, it was at their own risk, for the rule of *caveat emptor* applied, and it was their business to investigate for themselves. That certainly is not the law as applied to the issue and facts of the case, and must necessarily mislead the jury.

The court also instructed the jury, at the defendant's request: "If Charles Wattley was not appointed and made the agent of the defendant, then his representations to the plaintiffs could not bind the defendant. If he, in fact, was made and appointed the agent of the defendant, then his representations to the plaintiffs would not render the defendant liable, unless such representations were made by the said Wattley knowing them to be false, or were made by him with the knowledge of the defendant, and the defendant knew them to be false or had no good reason to believe them to be true." This instruction seems to be based upon an entire misconception or perversion of the proper effect of the evidence bearing upon the relation which the parties to the transaction bore to each other and to the transaction itself. Wattley, clearly, was the agent of the plaintiffs. He negotiated the transaction for them. They acted only through him. Representations made to him were, in legal contemplation, made to them. Although he may also, for some purposes incident to the negotiations, have represented the defendant, as a mere broker often represents both parties, that does not disturb the rule. The de-

fendant is responsible for such representations as he makes to the plaintiffs' agent, and upon which the agent or plaintiffs act in making the purchase, whether the representations are communicated to his principals, by the agent, or not. And it makes no difference whether the misrepresentations are wilful. The seller is bound to know that the representations which he makes to induce the sale of his property are true. *Miner v. Medbury*, 6 Wis. 295; *Cotzhausen v. Simon*, 47 Wis. 103; *Montreal River L. Co. v. Mihills*, 80 Wis. 540; *Gunther v. Ullrich*, 82 Wis. 222. The fact that Wattley was the agent of the plaintiffs also, seems to have been completely obscured and lost in the verbiage of the instruction.

The plaintiffs complain that the court failed to give the correct rule of damages. The rule given was the difference between the actual value of the securities and their value as represented. No doubt the proper rule for this case is comprehended in this general statement. But perhaps more definite and specific instructions were desirable in this case. As applied to this case, the rule would mean a sum equal to that portion of the mortgage debt which the securities, when properly applied thereto, will fail to pay, on the hypothesis that, if they had been as represented, they were adequate to pay the whole debt. If the securities had been already foreclosed and applied, evidence of that fact would be pertinent and cogent to establish the actual amount of damage. *Foster v. Taggart*, 54 Wis. 391.

The defendant alleged in his answer, and claims on the proofs, that there is a misjoinder of plaintiffs and of causes of action. The point is this: The evidence tends to show that the plaintiffs furnished the money which was invested in these securities by each contributing equally one fourth. They proposed, at one time, to have a one-fourth interest assigned to each separately. In fact, the assignment was made to them all *jointly*. So their interests in the securities

are joint, and not several. The proportionate interest of each in the securities is not significant. Their interest in whatever affects the value of the securities is joint, and not several. The action was well brought by them jointly.

For the errors in the instructions, the judgment must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.