THE TOWN OF WINNECONNE, Appellant, vs. THE VILLAGE OF WINNECONNE, Respondent.

*May 21 — June 20, 1901.*

*Pleading in abatement: Villages: Invalid organization: Curative act: Dismissal of action.*

1. As a general rule, subject to exception in case of a plea of former action pending, a plea in abatement is effective if shown to have been true when made.

2. An action was commenced against a village alleged to have been duly incorporated, but it pleaded in abatement its nonexistence as a corporation because the statute under which it had attempted to incorporate was unconstitutional. Afterwards, before the trial, a curative act was passed, declaring all villages theretofore attempted to be incorporated under said invalid act to be duly incorporated. *Held,* that the plea in abatement was not thereby rendered ineffective.

3. Although it is recited in such case that at the trial, after the passage of the curative act, the defendant appeared by its attorney, this must be held to refer to the original supposed defendant, in the absence of anything showing that the village created by the curative act had been brought or had voluntarily come into court; and the action was properly dismissed.

APPEAL from a judgment of the circuit court for Winnebago county: GEORGE W. BURNELL, Circuit Judge. *Affirmed.*

This action was commenced July 9, 1894, by the plaintiff to recover of the defendant village certain liquor license moneys collected by the village during the years 1891, 1892, and 1893. The complaint alleged the corporate character of the town; that the defendant was a village duly incorporated under ch. 40, R. S. 1878, and lying wholly within the limits of the plaintiff town, and had not at any time provided by ordinance for the support of the poor of said village, and that it had at no time a population exceeding 1,400; that the defendant had attempted to issue licenses to saloon keepers and pharmacists for the sale of spirituous and malt

liquors during the years 1891, 1892, and 1893, and had received as license moneys upon such licenses a sum aggregating $2,796, and had expended of such moneys only the sum of $977.34 for the relief of the poor, and had used the balance thereof for other purposes; that the town system for the support of the poor was in force during all said time in the county of Winnebago and the town of *Winneconne;* and that no part of said moneys has ever been paid to the county. The complaint further alleged demand, and the proper filing of the claim and its disallowance.

The answer pleaded in abatement that the defendant was never a duly incorporated village; that an attempt was made to incorporate the defendant as a village in the year 1887, under the Revised Statutes of 1878, but that the law under which such attempt was made was unconstitutional, and hence that such proceedings were void, and that the defendant never became incorporated.

The facts were stipulated, and the case was submitted upon such stipulation in November, 1899, and findings were made at that time by the court to the effect that the defendant was formally incorporated June 3, 1887, under the general law then existing for the organization of villages, and that said law was unconstitutional, and hence that no such village as the village of *Winneconne* had ever existed. On these findings the complaint was dismissed, without costs, and the plaintiff appeals.

For the appellant there was a brief by *Barbers & Beglinger*, and oral argument by *Fred. Beglinger*.

For the respondent there was a brief by *Bouck & Hilton*, and oral argument by *Gabe Bouck*.

WINSLOW, J.  Had the village of *Winneconne* been duly incorporated in 1887, no contention is made but that, under the facts stated, it would have been liable to the town in this action for the license moneys which had not been actually

12      SUPREME COURT OF WISCONSIN.      [111

The Town of Winneconne vs. The Village of Winneconne.

used in the support of the poor. S. & B. Ann. Stats. secs. 1562, 1562a. The complaint was dismissed, however, on the ground that at the time of the institution of the suit, and at the time the plea in abatement was made, there existed no such thing, either *de facto* or *de jure*, as the village of *Winneconne*, because the law under which it was attempted to be incorporated was unconstitutional. *In re North Milwaukee*, 93 Wis. 616. Leaving out of consideration for the moment the question of the effect of the supposed curative act of 1897 (ch. 5, Laws of 1897), this position seems to be unassailable because there was not even a *de facto* corporation. This court has held that there can be no *de facto* corporation where there is no law authorizing the formation of a *de jure* corporation. *Evenson v. Ellingson*, 67 Wis. 634; *Gilkey v. How*, 105 Wis. 41. The appellant, however, contends that a plea in abatement, in order to be effective, must be true at the time of the trial of the action (citing *Winner v. Kuehn*, 97 Wis. 394); and that at the time of the trial the village of *Winneconne* had become a legal corporation by virtue of the provisions of ch. 5, Laws of 1897; hence that the plea should have been overruled. It is unnecessary in the present case to consider the legal effect of the last-named act. It will be considered and decided in the case which immediately follows this: *Winneconne v. Winneconne, post*, p. 13. Conceding to it all the force that can be claimed for it as a curative statute, we do not see how it can save the plaintiff in the present case. The general principle undoubtedly is that if a plea in abatement is shown to be true when the pleading is made the plea is effective and the plaintiff must seek a better writ. This court and some other courts have allowed an exception to this general rule in case of a plea of former action pending by holding that if a former action be discontinued before the trial of the second action the plea will not be available. *Winner v. Kuehn, supra.* We are not aware, however, that this exception to the general rule has

been extended to any other class of pleas in abatement, nor are we referred to any cases so holding.

Other considerations in the present case seem to lead inevitably to the same result. The plaintiff obtained service upon a supposed corporation which did not exist *de facto* or *de jure*, and such supposed corporation made answer alleging its nonexistence. No answer nor notice of appearance was ever made or served by the village of *Winneconne* after the passage of the supposed curative act. It is true the case was tried after the passage of that act, and it is recited that the defendant appeared by its attorney, but this must, we think, be held to refer to the original supposed defendant, in the absence of anything showing that the village created by the curative act had voluntarily come into court and taken up the defense. Furthermore, the curative act does not purport to save actions pending, but only to validate causes of action. Upon the whole record, we are satisfied that the action was rightly dismissed, both because the plea in abatement was effective, and because the present legally existing village of Winneconne has never been brought into court.

*By the Court.*— Judgment affirmed.