18]        JANUARY TERM, 1922.        283

State ex rel. Williams v. Kaempfer, 176 Wis. 283.

STATE EX REL. WILLIAMS, Plaintiff, vs. KAEMPFER and
   others, Election Commissioners, Defendants.

*February 15—February 18, 1922.*

*Municipal corporations: Cities of the first class: Election of city
   attorney: Constitutional law: Special legislation: Laws em-
   bracing more than one subject: Regular municipal elections:
   Pleading: Demurrer to answer: Sufficiency of complaint.*

1. A demurrer to an answer has the effect of presenting the com-
   plaint itself for consideration.
2. Ch. 505, Laws 1919, repealing sec. 4 of ch. 35 of the Laws of
   1889 (providing that the term of office of the city attorney
   of Milwaukee shall be four years) and providing that the
   term of office of city attorneys in cities of the first class
   shall be two years, to begin in 1922 and end in 1924, and that
   the city attorney shall be elected at the regular municipal elec-
   tion in any such city to be held on the first Tuesday in April,
   1922, required the holding of an election for the office of
   city attorney in April, 1922, at which time the preceding term
   expired.
3. Said ch. 505, Laws 1919, is general, though in its practical
   application it refers only to the city of Milwaukee, and is
   not violative of sec. 18, art. IV, Const., in that it embraced
   more than one subject on its face and in its title, as all that
   is contained in the chapter is germane to its stated purpose.
4. City attorneys of cities of the first class are regular elective
   officers, and under ch. 505, Laws 1919, requiring city attorneys
   in cities of the first class to be elected at the regular municipal
   election to be held on the first Tuesday in April, 1922, an
   election at which the city attorney is the only officer to be
   elected is a "regular municipal election" within the meaning
   of the statute.

ORIGINAL ACTION in this court. *Complaint dismissed.*

For the plaintiff there were briefs by *Max Schoetz, Jr.,
Clifton Williams,* and *Alfred R. Gandrey,* attorneys, and
*Schoetz & Williams,* of counsel, all of Milwaukee, and oral
argument by *Mr. Williams* and *Mr. Schoetz.*

For the defendants there were briefs by *William H. Tim-
lin,* attorney, and *Timlin & Dean* and *E. J. Koelzer,* of
counsel, all of Milwaukee, and oral argument by *Mr. Tim-
lin* and *Mr. Koelzer.*

The following opinion was filed February 18, 1922:

PER CURIAM. This action was instituted upon leave granted in this court and seeks to prevent the defendants, as election commissioners of the city of Milwaukee, from giving notice for and the holding of a municipal election on the first Tuesday of April, 1922, and a primary election prior thereto for the office of city attorney of said city.

An answer was interposed to which the plaintiff demurred. After oral argument and consideration of the briefs submitted we have reached the conclusion that the challenged action of the defendants in proposing to give notices for and the holding of such elections is legal and proper and will not be restrained, and that the allegations of the complaint, reached for consideration as they are by the demurrer to the answer, are insufficient to state a cause of action and that the complaint should therefore be dismissed upon the merits.

In view of the shortness of the time before the holding of such election this present memorandum is now filed as our determination in the matter. A further opinion will be filed later.

The following opinion was filed March 14, 1922:

ESCHWEILER, J. In April, 1918, *Mr. Clifton Williams*, plaintiff herein, was elected to succeed himself as then city attorney of the city of Milwaukee and for a four-year term. He gave the required bond and continued to act as such until his resignation taking effect December 31, 1921. At that time Mr. John M. Niven was assistant city attorney and assumed, upon such resignation, to act as city attorney. On January 18, 1922, the defendants as election commissioners for said city of Milwaukee held a meeting and decided to give notice for an election in said city for the office of city

attorney on the first Tuesday of April, 1922, and also to hold a primary election therefor.

Subsequently *Mr. Williams,* as an elector, freeholder, and resident taxpayer of the said city, brought this action in this court, on leave having been obtained, on behalf of himself and the other electors and taxpayers of said city to enjoin and restrain the defendants from giving notices for or attempting to hold such proposed elections and also for a judgment declaring Mr. John M. Niven aforesaid to be the city attorney to continue as such until a general municipal election in 1924 could be held.

We have already announced our conclusion that the complaint herein must be dismissed upon the merits. Although an answer was interposed to which plaintiff demurred, yet as the effect of such demurrer is to present for consideration the complaint itself (*State v. Milwaukee,* 145 Wis. 131, 136, 129 N. W. 1101, and cases there cited; *Lyndon L. Co. v. Sawyer,* 135 Wis. 525, 532, 116 N. W. 255), we have disposed of this matter upon consideration of the complaint.

We are of the opinion that the action, challenged here by plaintiff, of the defendants in proposing to arrange for the holding of an election for city attorney of the city of Milwaukee in the spring of 1922 is justified under and required by ch. 505 of the Laws of 1919. That act so far as material here reads as follows:

"An act relating to the election and term of office of the city attorney in all cities of the first class, however incorporated, and repealing section 4 of chapter 35 of the laws of 1889.

" . . . .

"Section 1. Section 4 of chapter 35 of the Laws of 1889 is hereby repealed.

"Section 2. The term of office of the city attorney of all cities of the first class, however incorporated, shall be two years. Said term of office shall begin in the year 1922 and shall terminate in the year 1924. The city attorney of all

such cities of the first class shall be elected for said term of two years at the regular municipal election in any such city to be held on the first Tuesday in April, 1922. From and after the year 1924 the term of office of said city attorney shall be four years, and said city attorney shall be elected at the regular municipal election in any such city to be held on the first Tuesday in April, 1924."

Ch. 35 of the Laws of 1889, referred to in the above act, was one amending the charter of the city of Milwaukee as to the election of, and length of terms of, aldermen, city attorney, justices of the peace, and constables. The section of said ch. 35 which was so expressly repealed by ch. 505 of the Laws of 1919, *supra,* read as follows:

"Section 4. The term of office of the city attorney of the city of Milwaukee shall be four years, and the term of the present incumbent of that office is hereby extended to the third Tuesday in April, 1892."

So much thereof as attempted to extend the term of the then incumbent of the office was held to violate sec. 9, art. XIII, Const., in the case of *State ex rel. Hamilton v. Krez,* 88 Wis. 135, 139, 59 N. W. 593, but no question was there made of the power of the legislature to change the term of that office and no such question is raised here.

In January, 1922, when the defendants proposed to give notices for and to prepare to hold a primary and a general election for the office of city attorney, the following situation was presented: The incumbent of that office, *Mr. Williams,* until his resignation on December 31, 1921, had been elected in April, 1918, to fill the office for a four-year term which would of course end in April, 1922, and ordinarily and necessarily call for the election of some one to become such city attorney at the expiration of the term; on the face of, and by the letter at least of said ch. 505 of the Laws of 1919, *supra,* the legislature had declared that a new term of two years only for such office should begin in 1922 and be filled by an election on the first Tuesday in April,

1922.   Unless, therefore, there be some substantial defect in said ch. 505, *supra,* the duty of the defendants to proceed as they did seems clear.

It is urged, however, that said ch. 505 of the Laws of 1919, *supra,* is unconstitutional because a local law and embracing more than one subject and therefore violating sec. 18 of art. IV of the constitution, which provides:

"No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

It is further urged that there is in any event no proper statutory provision requiring the holding of a "regular municipal election" in the city of Milwaukee on the first Tuesday of April, 1922, such as would meet the terms of said ch. 505, and that therefore there is a want of legislative authority for holding the proposed elections.

We are of course not judicially oblivious of the fact that the above quoted ch. 505 in its practical application refers to but one city in the state of Wisconsin, namely, Milwaukee, although such city is not expressly mentioned in said law.

Legislation, however, applicable to but one or less than all of the several classes of cities in this state which have been grouped for such classification by the standard of population therein respectively contained, or to a class or classes dependent upon whether the incorporation thereof was under a special law or under a general law, does not prevent such legislation from being general rather than local within the provision of the constitution just above quoted.   Such view is long established by legislative action and by judicial decisions.   It has been expressly so held as to cities in the cases of *Johnson v. Milwaukee,* 88 Wis. 383, 390, 60 N. W. 270; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 53, 98 N. W. 954; *Wis. Cent. R. Co. v. Superior,* 152 Wis. 464, 469, 140 N. W. 79; *State ex rel. Bloomer v. Can-*

State ex rel. Williams v. Kaempfer, 176 Wis. 283.

*avan,* 155 Wis. 398, 407, 145 N. W. 44. The same has been held as to classifications of counties according to population. *Bingham v. Milwaukee Co.* 127 Wis. 344, 348, 106 N. W. 1071; *State ex rel. Milwaukee Co. v. Buech,* 171 Wis. 474, 483, 177 N. W. 781.

Furthermore, ch. 505, *supra,* in question here, plainly embraces but one subject both on its face and in its title. That one subject is the term of office of city attorney in cities of the first class. To effectuate the main purpose of this law prior statutory regulations inconsistent with that present purpose must necessarily be abrogated as is done by the repealing clause. In fixing the term for such an elective office there must necessarily be provision made for the election of some one to fill such office and such term, and such provision for an election is an integral part of the primary purpose of such law. All contained in said chapter, therefore, is germane to its stated purpose, and is plainly stated in the title, and therefore, even if such a law had been deemed a local one, it still would not have violated the above quoted provision of the constitution. *State ex rel. Ervin v. Vilas Co.* 163 Wis. 577, 582, 158 N. W. 338; *In re Southern Wis. P. Co.* 140 Wis. 245, 252, 122 N. W. 801. We are therefore convinced that said ch. 505 of the Laws of 1919 is a valid constitutional enactment.

That no other strictly municipal officer than city attorney is to be elected (disregarding for the present disposition of the case any question as to whether a justice of the peace or constable should be regarded as such "municipal officer") does not make the proposed election of April, 1922, any the less a "regular municipal election." The city attorney is a regular elective officer of such city (*State ex rel. Hamilton v. Krez,* 88 Wis. 135, 138, 59 N. W. 593); and the provision in said ch. 505 for the election of such a municipal officer at the expiration of a regular and for a new and complete term makes such election a "regular municipal election." Whether a city election is a "regular

municipal election" does not depend upon the number of regular municipal officers to be elected at such time: a provision for the election of one is as effective for such purpose as though there were to be a dozen elected.

The conclusion at which we have arrived as to the validity and effect of ch. 505 of the Laws of 1919 as discussed above makes it unnecessary to pass upon any of the other questions argued or raised in this case and we therefore express no opinion upon them.

*By the Court.*—Complaint dismissed.