PIECKOWSKI and wife, Appellants, vs. GOLONKA and others, Respondents.

*January 18—February 12, 1924.*

*Fraud: Representations of seller as to value: Measure of damages.*

1. Where the purchaser of a store building made a full and careful examination of the property before he bought it, and no fiduciary relation existed between him and the seller, he must, in the absence of fraud, abide the result of his bargain, notwithstanding representations of the seller as to value.  p. 68.
2. The measure of damages where the sale of real or personal property is induced by fraud is the difference between the market value of the property as it actually exists at the time of the sale and its market value at such time had it been as represented.  p. 68.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action to recover damages sustained by plaintiff because of false and fraudulent representations made by the defendant in the sale of a store building in Sobieski.

The jury found that the defendant represented to the plaintiff that (a) the building was a good, substantial, warm building; (b) that the property was reasonably worth $3,000; (c) that no other store in Sobieski sold shoes; (d) that such representations were false and were made for the purpose of inducing plaintiff to purchase the property; that plaintiff believed and had a right to believe the represen-

Pieckowski v. Golonka, 183 Wis. 66.

tations to be true; that the fair market value of the property at the time of sale was $1,500, and that its market value had it been as represented would have been $2,300. Plaintiff paid $2,600 for the property. The court awarded him judgment for $800, the difference between the actual market value of the property and the market value had it been as represented. From such judgment plaintiff appealed.

For the appellants the cause was submitted on the brief of *Lehner & Lehner* of Oconto Falls, attorneys, and *Otto P. Lehner* of Madison, of counsel.

*Irving Breakstone* of Oconto, for the respondents.

VINJE, C. J.    Plaintiff claims he is entitled to the difference between the market value of the property and what defendant represented it to be worth, viz., $3,000, or at any rate to the difference between the market value and what he paid for it, viz. $2,600.

That the jury disregarded the representation made by the defendant as to the property being worth $3,000 is evident from the fact that they found the value of the property *as represented* was only $2,300. They had a right under the circumstances to disregard such representation of mere value. The plaintiff was a mature man and made a full and careful examination of the property before he bought it. No fiduciary relation existed between him and the defendant, and there is nothing in the case that could warrant him in relying upon a mere representation of the worth of the property, he having equal opportunities with the defendant to exercise his judgment in that regard. So plainly the plaintiff was not entitled to judgment for $1,500.

It is the law that the purchaser is entitled to the benefit of a good bargain he may have made, and if induced by fraud it is not the purchase or contract price that governs but the market value. *John V. Farwell Co. v. Wolf,* 96 Wis. 10, 70 N. W. 289, 71 N. W. 109. It is equally the law that he must bear the burdens of a bad bargain, for in such case it is

the market value of the property as represented and not what he paid for it that fixes the damages. In this case the jury said that had the premises been in the condition represented they would have been worth $2,300. Plaintiff saw fit to pay $2,600 for them, believing them to be as represented. In other words, his judgment was in error in believing them to be worth $2,600 upon the representations made as to condition and exclusive trade. He must bear the burden of that error of judgment just as much as he would have the benefit of a bargain wherein he bought below market price.

The trial court applied the true rule of damages. In such cases it is the difference between the market value of the property as it actually exists at the time of sale and its market value at such time had it been as represented. *Kobiter v. Albrecht,* 82 Wis. 58, 51 N. W. 1124; *Potter v. Necedah L. Co.* 105 Wis. 25, 30, 80 N. W. 88, 81 N. W. 118. The rule is the same in case of sales of personal property induced by fraud. *Birdsey v. Butterfield,* 34 Wis. 52; *Warner v. Benjamin,* 89 Wis. 290, 62 N. W. 179; *Shaw v. Gilbert,* 111 Wis. 165, 86 N. W. 188.

*By the Court.*—Judgment affirmed.