HAHN, Respondent, vs. PETTERS & COMPANY and another, Appellants.

*January 12—February 9, 1926.*

*Fraud: False representations: As to value of mortgage: Necessity for purchaser to prove damage as well as fraud.*

An action to recover damages because of alleged fraudulent representations by defendants as to the value of a mortgage purchased by plaintiff being an action at law as distinguished from an action in equity to rescind, it was necessary for plaintiff, who had elected to retain the note and to foreclose the mortgage, to allege and show, in addition to fraud, that he has suffered damage.

APPEALS from orders of the circuit court for Washington county: C. M. DAVISON, Circuit Judge. *Reversed.*

These appeals are from orders overruling defendants' separate demurrers to the complaint. The substance of the complaint follows:

That *Petters & Company,* a Minnesota corporation, sells farm mortgages, and through its agent the defendant *Sayles,* who resides in Hartford, said county, where plaintiff lives; that long acquaintance with *Sayles* created trust and confidence in plaintiff for *Sayles'* honesty and truthfulness; that the defendant corporation was the owner of a note for $1,500 dated October 18, 1920, signed by one Gorseth and wife and due November 1, 1927, and also of a mortgage of same date by the same parties upon 160 acres of land in Pennington county, South Dakota; that said land was then and since has been "practically worthless, either for farming or otherwise or as mortgage security, of all of which facts said defendants had full knowledge;" that defendants, for the purpose of obtaining plaintiff's money, conspired to sell said securities to plaintiff, and did on December 1, 1920, represent and pretend to plaintiff that the mortgaged land was good farming land, with valuable improvements, and exhibited a fire insurance policy of $1,500 covering the latter; that at least one half thereof was under cultivation, and

that said land was good security for such loan; that the lands are several hundred miles away from Hartford, and that owing to his trust and confidence in *Sayles* plaintiff believed such representations to be true and in reliance thereon purchased the note and mortgage by paying $1,500 and accrued interest. That in fact they are not good farming lands, are of no value either for farming or otherwise; that mortgagors had but recently obtained title from the government; that no more than ten acres are subject to plow; that the improvements are of little or no value and the premises practically worthless; that mortgagors failed to pay taxes for several years amounting to $220.70 which plaintiff was obliged to and did pay; that he has been obliged to and has foreclosed said mortgage, and that a sale was had June 30, 1924, at which he was the only bidder, the premises falling to him. That he has been damaged in the sum of $2,022.30 (being the principal sum; $239.75 for interest from November 1, 1921; fees and costs) by reason of the fraud and deceit of said defendants and the worthlessness of said securities.

The cause was submitted for the appellant *Petters & Company* on the brief of *Hall, Baker & Hall* of Madison; for the appellant *Sayles* on the brief of *Sawyer & Gale* of Hartford; and for the respondent on the briefs of *J. H. Schnorenberg* of Hartford and *M. L. Lueck* of Beaver Dam.

ESCHWEILER, J. This being an action at law to recover for plaintiff's loss through and by reason of defendants' fraud, as distinguished from an action in equity to rescind, it is necessary that plaintiff allege and show, in addition to the fraud, that he has suffered damage. 26 Corp. Jur. 1167, 1169; 12 Ruling Case Law, 388, 390; *Commercial Bank v. Firemen's Ins. Co.* 87 Wis. 297, 302, 58 N. W. 391; *Potter v. Necedah L. Co.* 105 Wis. 25, 33, 80 N. W. 88, 81 N. W. 118; *Denis v. Nu-Way P. C. Co.* 170 Wis. 333, 341, 175

N. W. 95; *International M. Co. v. Priem,* 179 Wis. 622, 624, 192 N. W. 68.

In this case there are no allegations showing financial irresponsibility of the mortgagors; any proceedings taken against them; or that there is or can be no redemption under the foreclosure sale. The plaintiff here having elected to retain the note and mortgage; to foreclose; bid in and obtain, for the present at least, the premises, must go further and show damage; for as said in *Shaw v. Gilbert,* 111 Wis. 165 (86 N. W. 188), at p. 191, "If he ultimately receives the full amount of his claim, he suffers no damage and can recover none, although that results from subsequent appreciation of security or subsequently attained solvency of the debtor."

That some such required showing as here stated is to be deemed necessary is shown in such cases as *Heal v. Stoll,* 176 Wis. 137, 185 N. W. 242, involving the sale of a second mortgage represented to be as good as gold, there being allegations of the insolvency of the mortgagor and of a sale under the first mortgage for only enough to satisfy it (p. 143); *Palmer v. Goldberg,* 128 Wis. 103, 107 N. W. 478, an action involving the giving of a worthless note in a sale, there being a showing of a judgment against the maker and exhausting all legal remedies (p. 105). To the same effect is *Foster v. Taggart,* 54 Wis. 391, 11 N. W. 793.

For these reasons the demurrers should have been sustained.

*By the Court.*—Orders reversed.