STEPHENS, Respondent, vs. WHEELER and another, Appellants.

*January 14—June 20, 1927.*

*Abatement: How question may be raised: Fraud: When action accrues: Measure of damages: Pleading: Demurrer reaches back: Complaint: Necessity of alleging damages: Fraud in sale of mortgage: Foreclosure of mortgage by purchaser: Effect on pending fraud action against seller: Stay of proceedings: Discretion of court.*

1. A plea in abatement by defendant, though not expressly authorized by sec. 263.05, Stats., may be presented by answer under sec. 263.13, but unless the pleading shows insufficient facts to constitute a cause of action, an objection that the action is prematurely brought cannot be raised by demurrer, since a demurrer must, by sec. 263.09, distinctly specify the grounds of objection; and this particular objection is not one of the specified grounds of demurrer in sec. 263.06.    pp. 168, 169.

2. An action for fraud and deceit in inducing plaintiff to purchase a note and mortgage being an action at law in tort for money damages, the cause of action accrues when the fraud was perpetrated, and the rights and liabilities of the respective parties are to be determined as of no later time than the commencement of the action.    p. 171.

3. The measure of damages in such an action is ordinarily to be determined as of the time of the transaction.    p. 171.

4. A demurrer to an answer relates back to the complaint, so that on such a demurrer the defendant may attack the complaint, and, if it is insufficient, may have judgment in his favor; and in determining whether a pleading is subject to a general demurrer it must stand or fall by itself, and cannot be helped by allegations contained in other pleadings.    p. 172.

5. A complaint in an action for deceit or fraud which does not show that plaintiff has sustained damage by reason of the fraud is insufficient in law.    p. 172.

6. One who was induced by fraud and deceit to purchase a note and mortgage was not required to foreclose the mortgage, sell the property, and procure a deficiency judgment, or to complete a foreclosure which he has started, before he was entitled to recover in an action at law the damages resulting from such fraud and deceit.    p. 175.

7. It is not essential that a complaint in an action for damages for fraud and deceit in inducing plaintiff to purchase a mortgage

allege the value of the mortgaged property with the particularity that might have been required at common law, it being sufficient if it appears with reasonable certainty that at the time the action was begun plaintiff was damaged by reason of defendant's false and fraudulent representations.   p. 175.

8. An order staying proceedings and containing no other provisions is not appealable.   p. 177.

9. In an action for fraud and deceit in inducing plaintiff to purchase a mortgage, the trial court, on an application based on a proper showing, may, in the exercise of its discretion, stay the proceedings until a sale of the property in plaintiff's foreclosure suit so that the maximum loss can be determined. p. 177.


APPEAL from part of an order and motion to review another part thereof by the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed on defendants' appeal; reversed on plaintiff's motion to review.*

The substance of plaintiff's complaint, verified January 28, 1926 (the summons served in December, 1925), was as follows:

That defendant *Wheeler* was president of the defendant bank and acted for it in this matter.

That in January, 1920, defendant *Wheeler* induced plaintiff to purchase two $5,000 notes for $10,000. These with others, all aggregating $20,000, were secured by a mortgage of the face value of $20,000 on certain real estate in Polk county, located more than three hundred miles from plaintiff's residence, and which he had never seen and had no knowledge as to its value, condition, or of the financial responsibility of the then owner of said premises.

That defendant *Wheeler,* to induce plaintiff to so purchase, represented that he had been upon and knew the property and that the same was as he then represented, to wit: (a) that the mortgaged premises were good farming lands; (b) that they had valuable improvements, in A No. 1 condition; (c) that they were worth from forty to fifty thousand dollars and good security for the loans; (d) that Searle, the

then owner, was in good shape financially; (e) that the principal and interest of said mortgage would be promptly paid.

That plaintiff believed said representations and relied thereon and made such purchase.

That in truth and in fact only a very small part of the premises was suitable for farming; they were practically worthless as security for such loan; they were entirely inadequate as security for the notes purchased by plaintiff; said Searle was financially irresponsible.

The complaint further alleged:

That the taxes assessed against the premises since 1920 remained unpaid; that interest on plaintiff's notes has remained unpaid since December 15, 1923; that said mortgage has been foreclosed, but that the time for redemption has not expired and the sale of the premises has not yet been had; that by reason of the fraud and deceit of the defendant and the worthlessness of the security plaintiff has been damaged in the sum of $11,250, for which sum, with interest and costs, judgment was demanded.

Defendants jointly answered: first—as and for a plea in abatement—that after plaintiff had acquired said notes and with full knowledge of the facts of said transaction and (this upon information and belief only) of the nature and value of the property covered by the mortgage and the financial standing of the maker thereof, he demanded an assignment of said mortgage, obtained possession thereof, and in behalf of himself and others as plaintiffs prosecuted to judgment, in a court of competent jurisdiction, a suit for the foreclosure of said mortgage, thereby electing to rely and realize upon said security, and claim the proceeds from a sale thereof pursuant to such judgment of foreclosure.

That the redemption period has not expired; that no sale has been had thereunder; and (this upon information and belief) that the condition and value of the said premises is

such that the same ought to sell for an amount sufficient to pay in full the amount due under said judgment.

"That by reason of plaintiff's said election and the facts hereinbefore set forth, as defendants are informed and believe, this action has been prematurely brought, since damages for the purported fraud alleged in the complaint can result only by reason of said mortgaged premises selling for a sum insufficient to pay and satisfy the indebtedness secured by said mortgage, and the costs and expense incident to the foreclosure thereof, a contingency which has not arisen and cannot arise until a sale of said mortgaged premises has been had under and pursuant to said foreclosure judgment. Wherefore defendants pray that this action be abated and dismissed with costs."

The defendants further, and for an answer in the event that the relief sought under and by virtue of the foregoing plea in abatement be denied, admit certain of the allegations of the complaint; deny knowledge or information sufficient to form a belief as to certain others; allege that plaintiff was informed and fully aware of the fact that defendants had no personal knowledge of the value or condition of said property or of the financial standing of its owner; that all their information was in certain written communications from others, all submitted to plaintiff; and defendants assumed no responsibility in respect thereto.

That plaintiff was a practicing attorney with experience in buying and selling real estate and in the making and obtaining of loans and had ample opportunity to ascertain and estimate the value of the said lands. Defendants further denied the other allegations of the complaint and demanded judgment dismissing the complaint with costs.

Plaintiff demurred to the first alleged defense or "plea in abatement" stated in the above answer on the ground that upon the face thereof said alleged defense does not state facts sufficient to constitute a defense.

After argument the court, on March 30, 1926, ordered as

follows: (a) that said demurrer is overruled; (b) further proceedings are hereby suspended until the result of the sale of the mortgaged premises involved shall be alleged by supplemental complaint or answer, whereupon trial or dismissal shall be ordered according to the event.

Defendants appeal from the portion of said order designated (b), and plaintiff seeks to review so much of said order (a) as overruled the demurrer.

For the appellants there were briefs by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Daniel H. Grady.*

For the respondent there was a brief by *Olin & Butler,* and oral argument by *Clifford G. Mathys* and *H. H. Thomas,* all of Madison.

The following opinion was filed April 5, 1927:

PER CURIAM. Under our Code of Civil Procedure a "plea in abatement" to raise the question of whether the plaintiff's action is premature is something of an anomaly. No specific provision for it is found in the statutes anywhere except that it is mentioned in sec. 355.09, Stats., as a method of raising objections to an indictment or information. Such a distinctly common-law plea was proper for a time in this state not only by the express preservation of the common law by sec. 13, art. XIV, Const., but by early legislative action, as is shown by sec. 6, ch. 93, of the Revised Statutes of 1849, providing: "special pleas or special demurrers shall be allowed in any court in this state," thereby, of course, recognizing the special plea in abatement as distinguished from a plea in bar. The situation so stood until the passage of ch. 120 of the Laws of 1856 (made to take effect March 1, 1857, by ch. 127 of the Laws of 1856), providing that the then forms of actions and pleadings in cases at common law should be abolished, and simplifying and abridging the practice, pleadings, and proceedings in courts.

This was the first effective or substantial compliance with the mandate in 1848 of sec. 22, art. VII, Const., directing the legislature, at its first session, to provide for commissioners to arrange a Code. The legislature by act approved August 19, 1848, appointed as such commissioners "the persons selected or hereafter to be selected by an act of this legislature." If any such selection was thereafter made their labors were not adopted until said ch. 120 of the Laws of 1856, whose main provisions as to pleadings in civil actions were preserved in ch. 125 of the Revised Statutes of 1858, and have been since maintained with but little change.

Since 1856, by what is now sec. 263.05, Stats., the only pleading by a defendant is either a demurrer or an answer. The objection that an action is premature is not one of the specified grounds for demurrer in sec. 263.06 (in which section there has been no change except that the seventh subdivision, viz., the matter of the statute of limitations, first appears in the Revised Statutes of 1878 (sec. 2649), and added to comply with the holding in *Howell v. Howell,* 15 Wis. 55, and *George v. C., M. & St. P. R. Co.* 51 Wis. 603, 605, 8 N. W. 374, and unless it could be raised under the sixth subdivision, viz., an insufficiency of facts to constitute a cause of action, such question cannot be raised by demurrer. For a demurrer must, by sec. 263.09, distinctly specify the grounds of objection.

It can be presented, however, by answer under sec. 263.13, Stats., permitting a "statement of any new matter constituting a defense," and evidently whether such "new matter" be of fact or of law.

Shortly after the adoption of our Code, *supra,* this court held, *Freeman v. Carpenter,* 17 Wis. 126, 133, in accord with the New York court upon whose Code ours was modeled, that in a suit on a promissory note a defendant might by answer deny liability—a plea in bar,—and also assert by the same answer, in abatement, the pendency of

another action.   See, also, *State ex rel. G. B. & M. R. Co. v. Jennings,* 56 Wis. 113, 122, 14 N. W. 28; *Raymond v. Sheboygan,* 70 Wis. 318, 322, 35 N. W. 540; and in *Town of Winneconne v. Village of Winneconne,* 111 Wis. 10, 86 N. W. 589, a defendant named as a village successfully interposed by an answer in abatement its non-existence as such. In *Dutcher v. Dutcher,* 39 Wis. 651, it was shown that the Code, however express the language to that effect might seem to be, did not abolish such special or dilatory pleas in abatement, but only modified the manner, form, and time of presenting them.   In *Brown County v. Van Stralen,* 45 Wis. 675, it was pointed out (p. 680) that the Code did not make any change in the common-law rule that such dilatory pleas should be disposed of prior to trial on the merits.   The nature of such pleas and the method of interposing them is further discussed in *Lombard v. McMillan,* 95 Wis. 627, 634, 70 N. W. 673, and in *Hilliard v. Wisconsin Life Ins. Co.* 137 Wis. 208, 213, 117 N. W. 999.   That the Code answer permits of all such common-law pleas is shown in *Roberts v. Lewis,* 144 U. S. 653, 657, 12 Sup. Ct. 781. That it is the substance rather than the name that determines whether a plea is in bar or abatement is pointed out, and with many illustrations, in *White v. E. T. Slattery Co.* 236 Mass. 28, 30, 127 N. E. 597.

Considering the substance of the defendants' alleged plea in abatement rather than its mere form, it really presents the question, not of whether the action is premature, but rather whether the facts as presented by the complaint are sufficient to show a complete cause of action arising at the time of the making of the alleged false representations inducing the plaintiff to buy the two notes.   But little if anything is added in the way of material facts to this vital question by the recitals in this first answer.   The complaint alleges a foreclosure of the mortgage; that the redemption period has not expired; and no sale of the premises yet had.   This answer

adds that plaintiff, with full knowledge of the facts of the transaction, the nature and value of the property, and the financial standing of the maker of the notes and mortgage, demanded an assignment of and obtained possession of the mortgage, and in behalf of himself and others foreclosed. There is also alleged that a sale ought to bring sufficient to pay in full, and it is prayed that the action be abated and dismissed. To this plea or answer plaintiff elected to demur, thereby admitting as verities, for the purposes of the demurrer, the facts recited in the plea.

This demurrer necessarily reaches back so that the sufficiency in the substance of the complaint can be determined. *Ireland v. Tomahawk L., T. & I. Co.* 185 Wis. 148, 150, 200 N. W. 642; *State ex rel. Williams v. Kaempfer,* 176 Wis. 283, 285, 187 N. W. 215; *State v. Milwaukee,* 145 Wis. 131, 136, 129 N. W. 1101; *Lyndon L. Co. v. Sawyer,* 135 Wis. 525, 532, 116 N. W. 255; *Lawe v. Hyde,* 39 Wis. 345, 355; *Eaton v. North,* 25 Wis. 514, 515.

This being an action at law in tort for money damages, it comes within the two general rules: first, that such cause of action accrues when the fraud was perpetrated (*Stahl v. Broeckert,* 170 Wis. 627, 629, 176 N. W. 66); and second, that the rights and liabilities of the respective parties are to be determined as of no later time than the commencement of the action. *Port Washington State Bank v. Polonia P. Co.* 180 Wis. 71, 77, 192 N. W. 472. That such second rule applies in determining the status of a wrongdoer was said to be so elementary as to need but its statement, in *State ex rel. Mengel v. Steber,* 158 Wis. 309, 311, 149 N. W. 32. See, also, 17 Corp. Jur. 1000, 1085; 8 Ruling Case Law, 539.

Furthermore, in actions such as this for deceit the measure of damages ordinarily is to be determined as of the time of the transaction. *Pieckowski v. Golonka,* 183 Wis. 66, 68, 197 N. W. 246, and cases there cited; 27 Corp. Jur. 91; 12 Ruling Case Law, 453.

A demurrer to the answer relates back to the complaint, and upon such a demurrer the defendant may attack the complaint, and if the complaint is insufficient have judgment in his favor. · If the complaint states no cause of action there is nothing to answer. *Ferson v. Drew*, 19 Wis. 225; *State v. Milwaukee*, 145 Wis. 131, 129 N. W. 1101; *State ex rel. Williams v. Kaempfer*, 176 Wis. 283, 187 N. W. 215.

In determining whether or not a pleading is subject to a general demurrer it must stand or fall by itself. It cannot be helped out by allegations contained in other pleadings. The plaintiff alleges that he was induced to purchase the notes by fraud and misrepresentation; that the property upon which the mortgage was given to secure payment of the notes was practically worthless; that the maker of the notes was financially irresponsible; and further alleges: "That the said mortgage has been foreclosed, but that the time for redemption has not expired, and that a sale of the premises has not as yet been had;" and further alleges that he had been damaged in the sum of $11,250, a sum $1,250 in excess of the face value of the notes. It is the earnest contention of the appellants here that the complaint fails to show that the plaintiff has suffered legal injury. There can be no doubt that a complaint in deceit or fraud which does not show that the plaintiff has sustained damage by reason of the fraud practiced upon him is insufficient in law. The contention is made here that under the doctrine of *Hahn v. Petters & Co.* 189 Wis. 145, 207 N. W. 291, the plaintiff's right of action is suspended and will not become complete, or at least enforceable, until there has been a sale in the foreclosure suit. Such is not the holding in the *Hahn Case*. It is said in that case:

"There .are no allegations showing financial irresponsibility of the mortgagors; any proceedings taken against them; or that there is or can be no redemption under the foreclosure sale. The plaintiff here having elected to re-

tain the note and mortgage; to foreclose; bid in and obtain, for the present at least, the premises, must go further and show damage." Citing *Shaw v. Gilbert,* 111 Wis. 165, 86 N. W. 188, which in turn cites *Foster v. Taggart,* 54 Wis. 391, 11 N. W. 793.

From *Shaw v. Gilbert* is taken a quotation which is in turn taken from *Foster v. Taggart,* as follows:

"If he ultimately receives the full amount of his claim, he suffers no damage and can recover none, although that results from subsequent appreciation of security or subsequently attained solvency of the debtor."

Relying upon this sentence, defendants argue that the cause of action in this case is incomplete and that no action can be maintained under the authority of the above case unless and until the foreclosure action has proceeded to judgment and sale and the exact deficiency has been ascertained. The language quoted may be susceptible of some such interpretation if taken out of its context.

In *Foster v. Taggart,* 54 Wis. 391, 11 N. W. 793, which was an action for deceit and false representations in sale of securities, the allegation was:

"And that the said representations and each of them *were then and there* false and untrue, and known by the defendant at the time to be so; . . . that [the mortgaged premises] *were not then* an adequate security for more than $200; that the defendant never pretended or claimed that [the mortgagor] was personally responsible for any sum whatever, and this plaintiff believes that if any such person exists he is wholly irresponsible and insolvent, and *was at the time of the purchase.*"

The whole point of the decision in *Foster v. Taggart* was made to turn on the words "then and there" in the first part of the quoted paragraph and "then" in the second part. The court said:

"The general rule respecting fraud in sales is, that the damage is to be ascertained by the difference between the

real value of the thing sold and the value according to the representations at the time of the purchase or of the representations. But such cannot be the rule in a case like this. The damage or loss, if any, could have been ascertained at any time by foreclosure and sale, and in this way only could the real damage or loss be ascertained with certainty. *Not having foreclosed, such damage can now only be approximated by the testimony of witnesses, by opinion or otherwise, as to the market value of the mortgaged property, as the probable amount which could have been realized by foreclosure.*

"If the plaintiff had foreclosed the mortgage and realized his entire debt and costs, at any time since the purchase, no one would contend that he could then have brought this action and recovered the difference between the market value of the mortgaged premises and its represented value at the time of the purchase, without reference to what he had already realized by the foreclosure. In that case the question would be, What was the real deficiency? and in this case it is, *What would be the probable deficiency in case of foreclosure at the time this action was brought?* *This makes the question of the value of the mortgage security at the time this action was commenced a vital and material one, and such fact must of necessity be proved in order to ascertain what damage, if any, the plaintiff has suffered by the fraud.* For aught that appears by this complaint, the mortgaged premises were ample security for the note, and the plaintiff has lost nothing. If essential to be proved, then this fact must be averred, to constitute a cause of action. . . . The absence of any averment that the mortgaged premises were insufficient in value to secure the note, and the extent of such insufficiency *at the time the action was commenced,* is a defect fatal to the complaint."

In *Foster v. Taggart, supra,* a demurrer *ore tenus* was sustained, and on appeal the order sustaining it was affirmed. To one familiar with the carelessness and laxity which obtains in pleadings at the present time, it sounds more as if it came from a jurisdiction in which the niceties of common-law pleading were strictly enforced rather than from a jurisdiction where a liberal rule of pleading obtains.

It appears from the parts which we have italicised that the fact that the damage was alleged as of the date of the false representations rather than as of the time when the action was begun was held to be fatal. The question in that case related to the measure of damages rather than to the sufficiency of the facts stated to constitute a cause of action. The case cannot by any stretch of the imagination be construed to hold that where, as here, one has been induced by fraud and deceit to purchase a security, he must, before he can recover in an action at law damages resulting therefrom, first foreclose the mortgage, sell the property, and procure a judgment for deficiency, or, if he has started foreclosure, must complete it before he can establish his damage.

We have quoted fully from *Foster v. Taggart* to show that in that case it was held otherwise when that opinion is read in connection with the allegations of the complaint. In *Hahn v. Petters & Co.* 189 Wis. 145, 207 N. W. 291, there had been a foreclosure of the mortgage; the plaintiff had bid in the premises; the period of redemption had not expired, and there was no allegation that the mortgagor was financially irresponsible,—facts which clearly distinguish it from the case at bar.

While the complaint in the present action does not allege the value of the premises at the time the action was begun with that particularity which might have been required at common law, it does appear with reasonable certainty from the allegations of the complaint that at the time the action was begun the situation was such that the plaintiff was damaged by reason of the false and fraudulent representations made by the defendants. That is sufficient.

In *Beetle v. Anderson,* 98 Wis. 5, 73 N. W. 560, a case similar to this, the court said:

"The plaintiffs complain that the court failed to give the correct rule of damages. The rule given was the difference between the actual value of the securities and their value as represented. No doubt the proper rule for this case is com-

prehended in this general statement.   But perhaps more defi-
nite and specific instructions were desirable in this case.   As
applied to this case, the rule would mean a sum equal to
that portion of the mortgage debt which the securities, when
properly applied thereto, will fail to pay, on the hypothesis
that, if they had been as represented, they were adequate to
pay the whole debt.   If the securities had been already fore-
closed and applied, evidence of that fact would be pertinent
and cogent to establish the actual amount of damage."
Citing *Foster v. Taggart,* 54 Wis. 391, 11 N. W. 793.

There is no greater obligation upon one who has been in-
duced to purchase a mortgage by fraud and deceit to fore-
close the mortgage and sell the property than there is upon
one who has been induced to purchase a horse to sell the
horse, as a condition precedent to maintaining an action for
damages.   If either the mortgage security or the horse proves
in the hands of the purchaser to be worth more than the
amount paid for it prior to the commencement of the action,
there could be no recovery because there would be no dam-
age.   If in the present case, although a cause of action was
complete at the time the plaintiff was induced to part with
his money, a gold mine had thereafter been discovered upon
the mortgaged premises, making them many times more
valuable than the amount of the mortgage at the time of the
commencement of the action, there could be no recovery
because the plaintiff would have suffered no damage.   Giv-
ing to the allegations of the complaint a liberal construction,
which we are required to give to a pleading upon demurrer,
and making every intendment in favor of the pleader, it
must be held that the complaint, although not a model,
states a cause of action.   The demurrer of the plaintiff to
the answer should have been sustained.   The action appears
to have been begun within the time limited by law, the com-
plaint states a cause of action, and the matter set up as a
plea in abatement constitutes no bar to the commencement
and prosecution of the action for the reasons already in-

Stephens v. Wheeler, 193 Wis. 164.

dicated.   Upon the trial the plaintiff must prove the amount of his damage, which must be determined in accordance with the rule of damages applicable thereto.

In reversing the order sustaining the demurrer of the plaintiff to the answer it is considered that some comment should be made upon that part of the order which stayed proceedings until the result·of the foreclosure sale of the mortgaged premises could be ascertained and set up in the answer, although if no other provisions were contained in the order than that staying proceedings it would not be an appealable order.

In view of what is·said in *Foster v. Taggart* and *Beetle v. Anderson, supra,* to the effect that the sale price of the premises is cogent evidence of value,·it is considered that in such a case as this the trial court, upon application being made to it based upon a proper showing, may in the exercise of its discretion and in furtherance of justice stay proceedings until such time as the results of a foreclosure proceeding already begun and being prosecuted by the plaintiff can be ascertained and pleaded.   While the result of the foreclosure sale is not conclusive and the plaintiff's cause of action is technically complete, it may well be, in a proper case, that justice would be promoted by staying proceedings in the action at law until a sale of the property disclosed at least the maximum amount of the plaintiff's loss, although such stay is not a matter of right.   We reverse the order, but upon the record being remitted the trial court may, upon application to it for that purpose, properly stay the proceeding as indicated.

The order appealed from is reversed *in toto,* and the cause remanded for further proceedings according to law as indicated in this opinion.

A motion for a rehearing was denied, with $25 costs, on June 20, 1927.