The State ex rel. Hamilton vs. Krez.

PINNEY, J., took no part.

THE STATE EX REL. HAMILTON,. Respondent, vs. KREZ, Appellant.

*May 7 — May 25, 1894.*

|  |  |
|---|---|
| 88 | 135 |
| 90 | 569 |
| 88 | 135 |
| 109 | 266 |
| 109 | 268 |
| 88 | 135 |
| 53 LRA | 835 |

*Municipal corporations: Officers: City attorney of Milwaukee: Election: Extension of term by legislature: Constitutional law.*

1. The territorial charter of the city of Milwaukee having provided for a city attorney to be appointed by the common council, that office existed prior to the state constitution, and is governed by sec. 9, art. XIII, thereof, which provides that all city officers whose election or appointment is not provided for in the constitution shall be elected by the electors or appointed by such authorities as the legislature shall designate.

2. In an act (ch. 35, Laws of 1889) changing the term of office of the city attorney of Milwaukee from two to four years, a provision that the term of office of the then incumbent be extended two years is, in effect, an appointment to the office, and is invalid under sec. 9, art. XIII, Const.

3. Such act operates to extend the term of the city attorney elected at the regular election next ensuing its enactment.

4. No repeal or change of the former law fixing the time for the next regular election for city attorney could be implied from the void provision of the act.

APPEAL from the Circuit Court for *Milwaukee* County.

This is an action of *quo warranto*, commenced in the circuit court, to try the right of the relator to the office of city attorney of the city of Milwaukee.

Until the 2d day of March, 1889, the term of the office of city attorney of the city of Milwaukee was fixed by law at two years. The then current term would expire on the third Tuesday of April, 1890. On March 2, 1889, ch. 35, Laws of 1889, was published. By the fourth section of that act it is enacted: "The term of office of the city attorney of the city of Milwaukee shall be four years, and the term of the present incumbent of that office is hereby extended to the third Tuesday in April, 1892." Nevertheless, a successor to the then incumbent of that office was elected at the next municipal election on the first Tuesday of April, 1890, who qualified and exercised the office without question. At the time of the municipal election in 1892, the office of city attorney was vacant, and the appellant was elected to fill the vacancy. At the municipal election on the first Tuesday of April, 1894, the relator was elected to the office of city attorney, and qualified. The appellant refused to surrender the office to him.

The appellant's claim is that ch. 35, Laws of 1889, was valid to extend the term then current, so that that term did not expire until the third Tuesday of April, 1892, when a new term of four years began; that while in form he was elected to fill a vacancy, he was really elected to a full term of four years, which will not expire until the third Tuesday in April, 1896, so that there could be no valid election to fill that office at the municipal election held in April, 1894. On these grounds he claims that the relator's claim to the office fails.

On the part of the relator it is claimed that ch. 35, Laws of 1889, so far as it attempted to extend the term of office of the then incumbent, is unconstitutional and inoperative.

There was judgment for the relator, from which the appeal is taken.

*Conrad Krez,* appellant in person, contended, *inter alia,* that the extension of the term of an incumbent elected or

appointed to hold over until his successor is elected and qualified is not an appointment but the postponement of an election, and is constitutional. *People ex rel. Loew v. Batcheldor*, 22 N. Y. 134; *People ex rel. Fowler v. Bull*, 46 id. 66; *Christy v. Board of Supervisors*, 39 Cal. 3; *Jordan v. Bailey*, 37 Minn. 175. The office of city attorney of Milwaukee was created after the adoption of the constitution, and is therefore not within its provisions, but is within the unrestricted control of the legislature. *State v. Douglas*, 26 Wis. 428; *People ex rel. Brown v. Woodruff*, 32 N. Y. 365.

*W. H. Timlin*, for the respondent, argued, among other things, that that part of the act of 1889 extending the term of office of the city attorney was unconstitutional. *Cole v. Black River Falls*, 57 Wis. 110; *People ex rel. Lord v. Crooks*, 53 N. Y. 648; *People ex rel. Williamson v. McKinney*, 52 id. 374, 383; *People ex rel. Fowler v. Bull*, 46 id. 57; *State ex rel. Perry v. Arrington*, 18 Nev. 412, 424. Where, during a term, an act is passed extending the term of office, it must be understood as extending the term of the person elected next after the passage of the act. *State ex rel. Knox v. Hadley*, 7 Wis. 700; Meachem, Pub. Off. secs. 387, 399.

NEWMAN, J. No question is made of the power of the legislature to change the term of the office of city attorney of the city of Milwaukee so as to make it a term of four years, instead of a term of two years, as theretofore. The debate is upon the question of the power of the legislature to extend the term of office of the then incumbent of the office from two years to four years.

The constitution of the state (art. XIII, sec. 9) provides: "All city, town, and village officers, whose election or appointment is not provided for by this constitution, shall be elected by the electors of such cities, towns, and villages, or some division thereof, or appointed by such authorities thereof as the legislature shall designate for that purpose."

The words of the provision are so plain, and its intention is so obvious, that it does not seem to admit of construction. The idea which the words express on their face is the law. All city officers must be elected by the electors of the city, or they must be appointed by some officer or other authority of the city which has been theretofore designated by the legislature for that purpose. This is the only constitutional source of title to a city office. If the legislature shall have failed to designated some officer or authority of the city to make such appointment, then all city officers must be elected by the electors. It is plain, therefore, that this provision takes from the legislature the power to appoint any city officer. An act of legislature which should attempt to appoint such an officer would be in disobedience of the constitution, and void.

The office of city attorney existed before the constitution was enacted. It has not been created since. The territorial charter of the city of Milwaukee provided for a city attorney, to be appointed by the common council. His duties were not defined with much detail, but the office was recognized. It is, then, one of the city offices which are within the provisions of the constitution. *C. & N. W. R. Co. v. Langlade Co.* 56 Wis. 614; *People ex rel. Brown v. Woodruff*, 32 N. Y. 355.

So the decisive question is whether the provision of the act of 1889 which declared the term of office of the then incumbent of the office of city attorney of the city of Milwaukee to be extended two years was, in substance and effect, an appointment of the then incumbent to that office for the term of two years. If he should hold the office for that term of two years, would his tenure be by virtue of appointment by the legislature, or would it be by virtue of his election to the office for a previous term, which had expired? If it would be by virtue of the appointment, then it would be in disobedience of the constitution and

wrongful.   If it could be by virtue of the previous election, it could be supported as lawful.   But the incumbent had been elected to and was serving a term of two years.   This term would expire, by limitation of law, on the third Tuesday of April, 1890.   The incumbent was elected for that term.   His election was for that term, and had no force or validity beyond it.   For that occasion and purpose, the constitutional and statutory powers conferred had been fully exercised and spent.   The office could not be held by virtue of the election beyond the term then limited by law. To hold the office after the expiration of that term was to hold it again and anew.   To hold it again and anew required a new dispensation of title to hold it.   The constitution limits the derivation of title to two sources,— to the electors, or to some municipal authority previously designated for that purpose.   So, to hold the office again and anew, he must be elected anew, or appointed by the proper municipal authority; otherwise his authority is not derived from a constitutional source.   To hold the office in any other way than by election or by constitutional appointment is to hold it in a way that is in disobedience of the constitution and invalid.   *People ex rel. Fowler v. Bull,* 46 N. Y. 57; *People ex rel. Williamson v. McKinney,* 52 N. Y. 374.   Clearly the appellant had no color of title even to hold the office after the expiration of the two years term to which he was elected, except this statute.   The act of the legislature was invalid to extend the term.

No account is made of the right which the incumbent has to hold beyond his term until his successor is elected and qualified.   The appellant's claim is not based upon that right, but upon the power of the legislature to extend the term.

As the law was before the enactment of ch. 35, Laws of 1889, the next regular election for city attorney was appointed to be held on the first Tuesday in April, 1890.

That law was not in terms repealed by ch. 35, Laws of 1889, nor was any different date fixed for the next election. If any change of the time when the election for the next term of the office should be held was intended, it can only be inferred from the void provision extending the term. But this void provision is not ground upon which an implied repeal of the former law can be based, nor for any change not expressed in the statute. *People ex rel. Williamson v. McKinney*, 52 N. Y. 379.

No other time being fixed therefor by law, the act took effect from the time of its publication, and operated to extend the term of the person elected at the election next ensuing its enactment. *State ex rel. Knox v. Hadley*, 7 Wis. 700. That term began on the third Tuesday of April, 1890, and ended on the third Tuesday of April, 1894. The relator was elected at the municipal election held on the first Tuesday of April, 1894. He has qualified, and is entitled to hold the office.

*By the Court.*— The judgment of the circuit court is affirmed.