LA VIOLETTE, Respondent, vs. MILLIGAN, Sheriff, Appellant.

*February 5—March 3, 1953.*

For the appellant there was a brief and oral argument by *K. Thomas Savage* of Kenosha.

For the respondent there was a brief by *Lepp & Phillips* of Kenosha, and oral argument by *David L. Phillips*.

FRITZ, C. J.   On August 4, 1936, the Kenosha county board of supervisors by ordinance duly enacted and established a system of civil service for deputy sheriffs. By virtue of the provisions of said ordinance, the plaintiff, Milton La Violette, did obtain civil-service status as a deputy sheriff. For over twenty-seven years, he has been a member of the sheriff's department of Kenosha county, Wisconsin, in the capacity of either a deputy sheriff, undersheriff, or sheriff. Prior to January, 1945, he was a member of the sheriff's department with civil-service standing of a deputy sheriff. On the first Monday of January, 1945, he took office as sheriff until the first Monday in 1949. On that day he was duly appointed and qualified as the undersheriff of Kenosha county, such appointment being made by the then qualified and acting sheriff of Kenosha county, Leonard J. Jensen.

Jensen was removed as sheriff of Kenosha county on or about February 9, 1952. On February 11, 1952, Lyle F. Milligan, was duly appointed and qualified as sheriff of Kenosha county, and within ten days from said appointment, he appointed James Marshall as undersheriff of Kenosha county on February 19, 1952. At the same time and contemporaneous with said undersheriff appointment, Lyle F. Milligan appointed Milton La Violette as a deputy sheriff, and he immediately qualified as a deputy sheriff, and duly took the oath of office from the clerk of the circuit court. La Violette thereupon commenced his duties as a deputy sheriff of Kenosha county. On April 24, 1952, Milligan informed La Violette that he had lost his civil-service standing as of January, 1945, and because of this he was discharged.

The sole issue on this appeal is the interpretation of sec. 59.21 (1), Stats., as amended by ch. 15, Laws of 1951, which provides:

"Within ten days after entering upon the duties of his office the sheriff shall appoint some proper person, resident of his county, undersheriff, provided that in selecting such undersheriff, in counties where the sheriff's department is under civil service the sheriff, in conformity with county ordinance, may grant a leave of absence to a deputy sheriff, and appoint him undersheriff, or to any other position in the sheriff's department, on request of such appointee, and upon acceptance of such new appointment and duties, and after completion thereof, such appointee shall immediately be returned to his deputy sheriff position and continue therein without loss of any rights under the civil-service law; and any person who in the past has changed or in the future changes his status from that of deputy sheriff to any other status in the same department, and who is performing those duties at the time this amendment becomes effective (1951), or thereafter may return to his position as deputy sheriff, on the completion of his new duties, without loss in his civil-service standings obtaining at the time of transferring to his new duties. . . ."

It is contended that the respondent, Milton La Violette, is entitled to restoration of his civil-service status by virtue of the language in the above statute which states:

". . . and any person who in the past has changed or in the future changes his status from that of deputy sheriff to any other status in the same department, and who is performing those duties at the time this amendment becomes effective (1951), or thereafter may return to his position as deputy sheriff, on the completion of his new duties, without loss in his civil-service standings obtaining at the time of transferring to his new duties. . . ."

The undisputed facts show that Milton La Violette was a deputy sheriff until January, 1945, and from that date served as sheriff of Kenosha county until January, 1949. From January, 1949, until February, 1952, he served as undersheriff. Thus he was a deputy sheriff enjoying civil-service standing when he became sheriff, and was acting as undersheriff when the statute in question came into effect. Consequently, all requisites of the statute had been complied with by respondent and he was entitled to the restoration of his civil-service standing as deputy sheriff as a matter of law.

The appellant's contention is that respondent lost his right to restoration of civil-service standing simply because he made two changes of status—instead of one—that is, he became sheriff and then undersheriff, before the act of 1951 came into effect. Such an interpretation would not only violate the spirit and intent of the legislature, but would be a distortion of the plain and ordinary meaning of the statute, which is unambiguous in its terms, and should be held to be controlling.

*By the Court.*—Judgment affirmed.