BECKER, Respondent, vs. SPIEKER, Sheriff, Appellant.

*January 5—February 2, 1954.*

For the appellant there was a brief and oral argument by *Edward A. Krenzke*, district attorney of Racine county.

For the respondent there was a brief by *Harvey & Harvey*, attorneys, and *Fred W. Wheeler* of counsel, and oral argument by *Richard Harvey, Jr.*, and *Harold A. Konnak*, all of Racine.

MARTIN, J. In 1938 the Racine county board duly enacted by ordinance a system of civil service for deputy sher-

iffs. Pursuant to said ordinance petitioner was appointed deputy sheriff on January 6, 1941.

He served in that capacity until December 31, 1944. Pursuant to his application, petitioner was granted a temporary leave of absence for the period December 31, 1944, to December 31, 1946, and another temporary leave for the period December 31, 1946, to December 31, 1948, under sec. VIII (e) of the ordinance. During the years covered by such leaves petitioner served as undersheriff of Racine county.

On January 3, 1949, petitioner assumed the office of sheriff, in which he served until January 4, 1953. During this period he was granted no leave of absence.

Sec. VIII (e) of the Racine county ordinance provides:

"The sheriff may in his discretion grant any deputy sheriff temporary leave of absence without pay upon the request of such deputy; and any deputy desiring to become a candidate for political office shall be entitled to a temporary leave of absence upon request; such temporary leave of absence, without pay, not to exceed sixty days."

We have held that the temporary leave of absence, which the sheriff may in his discretion grant to a deputy under this section, is not limited to sixty days. See *Fuller v. Spieker,* ante, p. 601, 62 N. W. (2d) 713. Petitioner could have preserved his civil-service status by applying for and obtaining a leave of absence covering the years he expected to serve as sheriff, but having failed to do so, it must be held that he abandoned his civil-service status after December 31, 1948.

Petitioner argues that ch. 15, Laws of 1951, which amended sec. 59.21 (1), Stats., was enacted for the specific purpose of taking care of individuals who found themselves in the predicament of the petitioner here after serving four years as sheriff without leave.

Sec. 59.21 (1), Stats., provides, in part:

"Within ten days after entering upon the duties of his office the sheriff shall appoint some proper person, resident of his county, undersheriff, provided that in selecting such undersheriff, in counties where the sheriff's department is under civil service the sheriff, *in conformity with county ordinance, may grant a leave of absence to a deputy sheriff,* and appoint him undersheriff, or to any other position in the sheriff's department, on request of such appointee, . . ."

It will be noted that the statute clearly contemplates the granting of a leave to a deputy sheriff before appointment to a different position in the department,—in conformity with county ordinance.

Since sec. VIII (e) of the ordinance here involved provides for the granting of temporary leaves of absence to a deputy sheriff upon request, the only way a deputy can maintain his civil-service status during a period when he serves in a non-civil-service position is by applying for and receiving such leave. The petitioner here made no application for leave for the period during which he was to be sheriff, and therefore abandoned his civil-service status.

To construe sec. 59.21 (1), Stats., as granting civil-service rights to one who has chosen to abandon them would render the statute unconstitutional as effecting a legislative appointment.

Under sec. 9, art. XIII of the Wisconsin constitution all county officers whose election or appointment is not provided for by the constitution shall be elected by the electors of the respective counties, or appointed by the boards of supervisors or other county authorities, as the legislature shall direct. The same provision is made with respect to city officers. Election or appointment by such authority as the legislature has designated being the only constitutional source of title to such an office, any act of the legislature attempting to appoint such an officer would be in disobedience of the

constitution and void. See *State ex rel. Hamilton v. Krez* (1894), 88 Wis. 135, 59 N. W. 593.

The legislature has provided that the office of deputy sheriff shall be filled by compliance with the provisions of county ordinance in counties where civil-service ordinances have been enacted. Petitioner acquired civil-service status in the office of deputy sheriff in conformity with the Racine county ordinance; but in failing to maintain that status in the manner provided by the ordinance, he lost it and is in no different position now, so far as his right to the position of deputy sheriff is concerned, as one who never had it. Sec. 59.21 (1), Stats., cannot be construed as appointing him to the office of deputy sheriff and conferring civil-service rights upon him which he abandoned when he took office as sheriff without obtaining the necessary leave of absence.

Having lost his civil-service status, petitioner cannot rely upon sec. 59.21 (1), Stats., to restore him to his former position. That would be legislative appointment.

It is contended that *La Violette v. Milligan* (1953), 263 Wis. 349, 57 N. W. (2d) 329, is controlling in this case. The only question in that case was whether La Violette had lost his right to restoration of his civil-service standing under sec. 59.21 (1), Stats., because he made two changes of status, instead of one, before ch. 15, Laws of 1951, became effective. It was not argued in that case, nor did the record there present the question, that La Violette lost his civil-service status by failing to preserve it in conformity with the ordinance. In the absence of any showing to the contrary, it was assumed that he was enjoying civil-service standing when he became sheriff. In this case that is the very question presented.

*By the Court.*—Judgment reversed and cause remanded with directions to quash the peremptory writ of mandamus.