Donald JOHNSON and Joyce Johnson, Plaintiffs-Respondents,

v.

CITY OF ONALASKA, Defendant-Appellant.

Court of Appeals

*No. 89-0933. Submitted on briefs November 10, 1989.—Decided December 7, 1989.*

(Also reported in 451 N.W.2d 466.)

For the defendant-appellant the cause was submitted on the briefs of *Janet A. Jenkins* of *Johns & Flaherty, S.C.* of La Crosse.

For the plaintiffs-respondents the cause was submitted on the brief of *Jerome Klos* of *Klos, Flynn & Papenfuss, Chartered* of La Crosse.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J.   The City of Onalaska appeals from an order denying its motion for summary judgment to dismiss an action commenced by the respondents, Joyce and Donald Johnson.[1] The Johnsons sought compensation for damages to their property caused by the city's lowering of the grades of two abutting streets. The city's motion argued that the Johnsons' action was barred

---

[1] We granted the city's petition for leave to appeal a nonfinal order.

because it was not commenced within the time limit prescribed by sec. 32.18, Stats., which provides, in pertinent part:

> Where a street . . . improvement project undertaken by . . . a . . . city . . . causes a change of the grade of such street . . ., the owner of [abutting] lands . . . may file . . . a claim for any damages . . . occasioned by such change of grade . . .. *Such claim shall be filed within 90 days following the completion of said project; if allowed, it shall be paid* . . . out of the funds of the . . . city . . .. *If it is not allowed within 90 days after such date of filing it shall be deemed denied. Thereupon such owner may within 90 days following such denial commence an action* . . . to recover any damages to the lands shown to have resulted from such change of grade. [Emphasis added.]

The issue was—and is—whether the city may trigger the second ninety-day period by affirmatively "denying" or "disallowing" the claim prior to the expiration of ninety days from the date the claim was filed. We conclude that, under the plain language of sec. 32.18, Stats., it may not do so, and we therefore affirm the order.

Summary judgment "methodology" requires us to undertake the same analysis of the pleadings, affidavits and applicable law as that undertaken by the trial court. The step-by-step process, described in several cases, including *Grams v. Boss,* 97 Wis. 2d 332, 338-39, 294 N.W.2d 473, 476-77 (1980), need not be repeated here. Suffice it to say that the parties' affidavits do not reveal any disputed material facts, and the case is properly resolved by summary judgment. The issue involves the interpretation and application of a statute; it is a question of law which we consider *de novo,* owing no defer-

ence to the trial court's decision. *Minuteman, Inc. v. Alexander,* 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989).

The city's grade-lowering project was undertaken during the summer of 1988, and throughout that time the parties attempted to agree on the appropriate compensation for the resulting damage to the Johnsons' property. The negotiations proved fruitless and, on August 23, 1988, the Johnsons filed a $50,000 claim with the city pursuant to sec. 32.18, Stats. Approximately thirty days later, on September 22, they received a letter from the city attorney informing them (among other things) that on September 13 the common council had "decided to acknowledge the claim to the extent of $2,000." The letter concluded by stating: "The balance of the claim is denied" and a check for $2,000 was enclosed.

The Johnsons did not negotiate the check and, on January 23, 1989, they commenced this action for damages. As indicated, the city moved for summary judgment claiming that because January 23 was more than ninety days after the city's September 13 "denial" of the claim, sec. 32.18, Stats., barred the suit. The trial court disagreed, holding, in essence, that since the statute contains no express provisions for "disallowance" or "denial," a claim can only be denied by operation of law at the expiration of ninety days after filing. As a result, according to the court, the ninety-day period for commencing legal action cannot begin prior to that date—ninety days after the claim was filed—and thus the Johnsons' action, having been commenced within 180 days of filing, was timely.

Judicial interpretation of statutes is governed by familiar rules. The aim is to ascertain the intent of the legislature; and in determining that intent, our "first

615

resort must be to the language of the statute itself." *Marshall-Wis. v. Juneau Square,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). This is so because "the primary source of statutory construction is the language of the statute itself." *State v. McKenzie,* 139 Wis. 2d 171, 176, 407 N.W.2d 274, 276 (Ct. App. 1987). If the meaning of the statute is plain, that ends our search, for "[o]nly if the statutory language is ambiguous or unclear may we refer to outside sources to aid statutory construction." *Juneau Square,* 139 Wis. 2d at 133, 406 N.W.2d at 772. In addition, there are special rules governing the interpretation of statutes of limitation.

> [An] interpretation . . . which preserves the claim, is . . . consistent with the rules of construction applicable to statutes of limitation. This court has stated that "[a] statute of limitations should not be applied to cases not clearly within its provisions" and that "[s]tatutes creating limitations are to be reasonably and fairly construed, but should not be extended by [judicial] construction." *Gutter v. Seamandel,* 103 Wis. 2d 1, 24, 308 N.W.2d 403, 414 (1981), quoting *Pugnier v. Ramharter,* 275 Wis. 70, 77, 81 N.W.2d 38, 42 (1957).

It may be argued that, as a matter of common sense, any governmental body empowered to allow a claim should also be empowered to take affirmative action to deny one and thus start the time limits for commencing legal action running. But that is not what the legislature provided when it enacted sec. 32.18, Stats. In plain and unambiguous language, sec. 32.18, states that if a claim is "not allowed" within ninety days after it is filed, the law will "deem[ ]" it to be denied. It then continues: *"Thereupon* such owner may within 90 days following *such denial* commence an action . . .." (Emphasis

616

added.) It may be seen from the emphasized words that the legislature has indeed provided for the "denial" of a claim which will start the clock running: it is the denial by operation of law which occurs ninety days after the filing. Then—"[t]hereupon"—the affected property owner has ninety days from "such denial" to commence his or her action. The phrase "such denial" can only refer to the "denial" just mentioned: the point when, due to the passage of the prescribed time from the date of filing, the claim is "deemed denied." Such a reading is consistent with the rule that qualifying or limiting words or clauses in a statute are to be referred to the next preceding antecedent, unless the context or the evident meaning of the enactment requires a different construction. *Fuller v. Spieker*, 265 Wis. 601, 605, 62 N.W.2d 713, 715 (1954).

We conclude, therefore, that the trial court was correct in its analysis that, under the plain language of the statute, a claimant has 180 days from the filing of his or her claim—ninety days beyond the date on which the claim is deemed denied as a matter of law—in which to commence legal action.

The city argues that such a construction "is inconsistent with the supreme court's interpretation of similarly worded statutes," citing *Gutter.* The issue in *Gutter* was which of two "deemed disallowed" claim statutes applied to a particular claim and subsequent lawsuit. One of the statutes, sec. 345.05(4), Stats. (1975), provided in part as follows: "Failure of the governing body to pass upon the claim within 90 days after presentation constitutes a disallowance. Disallowance by the governing body bars any action founded on the claim unless brought within 6 months after disallowance." Compar-

617

ing the terms of the two competing statutes, the court noted that sec. 345.05(4) "provides that the six months period within which the claimant must bring an action runs from the date of actual disallowance or the 90th day after presentation if the council fails to act." *Gutter,* 103 Wis. 2d at 22, 308 N.W.2d at 413.

The city maintains that, despite differences in the statutory language between the statute at issue in *Gutter* and sec. 32.18, Stats., the case nonetheless compels us to hold that the final ninety-day time limitation in sec. 32.18 began running on, at the latest, September 22, 1988, the date the Johnsons received the city attorney's letter informing them of the city's "actual denial" of their claim. We are not persuaded.

As discussed above, after declaring that if a change-of-grade claim is not allowed within ninety days after it is filed, sec. 32.18, Stats., states that "*[t]hereupon*" the owner has ninety days from "*such denial*" to commence the action. Section 345.05(4), Stats. (1975), contains no such following, limiting language. Instead, after the "deemed denied" provision, it states in a new sentence: "Disallowance by the governing body" bars any action on the claim not commenced within six months "after disallowance."

If sec. 32.18, Stats., contained a similar provision—if, instead of reading as it does, it simply stated that the council's "failure to pass on the claim" within ninety days "shall constitute a denial," and then went on to separately provide that "denial by [the council] bars action founded on the claim unless brought within [ninety days] after denial"—the city's reliance on *Gutter* might have merit. But, as we have taken pains to point out, the plain language of sec. 32.18 says something else altogether.

The city also maintains that our interpretation cannot be sustained because it "defeats the purpose" of sec. 32.18, Stats. In *Gutter,* the supreme court discussed the underlying purpose of statutes providing that claims or applications are "deemed denied" if not acted upon by the governing body within a specified time.

> The provisions . . . stating that the [city] council's failure to act constitutes a disallowance of the claims were designed to assure that the city would have the opportunity to evaluate the claim but would not be able to delay decision on the claim indefinitely. The provisions . . . requiring an action founded on the claim to be brought within a certain time after a specified event of disallowance were designed to assure prompt initiation of litigation of claims against the city.

*Gutter,* 103 Wis. 2d at 22, 308 N.W.2d at 413. The quoted statement is just another way of expressing the "public policy justification[ ]" for statutes of limitation generally, which, also according to the *Gutter* court, is "to ensure prompt litigation of valid claims and to protect a defendant from fraudulent or stale claims." *Id.,* 103 Wis. 2d at 24, 308 N.W.2d at 414.

We believe that interpreting sec. 32.18, Stats., as we have done "does not unduly lengthen the period during which suit may be commenced." *Gutter,* 103 Wis. 2d at 24, 308 N.W.2d at 414. The statute gives the city ninety days after receipt of a claim to evaluate it—to obtain appraisals or other expert advice relevant to the decision whether to allow the claim, and perhaps to pursue settlement negotiations with the claimant. But the city cannot take longer than ninety days to do so, for at that point the claim is "deemed denied." That is the "specified event of disallowance," and at that point the claim-

ant has only ninety days to commence his or her action or else lose the right to do so. Section 32.18 not only prohibits the city from delaying a decision on the claim, but it also assures reasonably prompt initiation of litigation against the city. We agree that the suit could have been initiated more promptly if the statute authorized the city to start the second ninety-day period running by issuing a denial, but we are law interpreters, not lawmakers; we cannot construe a statute contrary to its plain language.

*By the Court.*—Order affirmed.