159 Wis.2d 709 (1990)
465 N.W.2d 231
IN the MATTER OF the S.E. TRUST:
S.E., Craig Parshall and Denise Colona, Plaintiffs-Respondents,
v.
WAUKESHA COUNTY, Defendant-Appellant,
WAUKESHA COUNTY DEPARTMENT OF HUMAN SERVICES, Roger Schankey, Delores Schankey, Joseph Himden, Dennis Lyons, Joe Kirt and Penny Jones, Defendants.
No. 90-1325.
Court of Appeals of Wisconsin.
Submitted on briefs October 30, 1990.
Decided December 12, 1990.
*711 On behalf of defendant-appellant, the cause was submitted on the brief of Danni L. Caldwell, assistant corporation counsel.
On behalf of plaintiffs-respondents, the cause was submitted on the brief of Craig L. Parshall of Menomonee Falls.
Before Nettesheim, P.J., Brown and Anderson, JJ.
ANDERSON, J.
Waukesha county appeals from a circuit court order denying its petition that future foster care costs be paid from a trust established on behalf of a minor, S.E. The issue is whether a minor is responsible for payment of social services provided for him or her when that service is in the form of court-ordered foster care. Because the statutes provide the exclusive remedy for the determination and enforcement of liability, and because the trial court did not abuse its discretion, we affirm the order of the trial court.
In 1986, S.E. commenced an action against Waukesha county and other parties alleging that he suffered psychological trauma as a result of repeated sexual abuse while in a foster home supervised by the county. As the result of an agreement reached in the action, the circuit court approved a settlement netting S.E. approximately $67,000. These proceeds were placed in a trust for the future use and benefit of the minor and not for current expenses.
At the time the settlement was approved, S.E. was residing with his natural mother. Subsequent to the establishment of the trust, S.E. was again placed in foster *712 care.[1]
After S.E. was placed in foster care, the county filed a "Petition for Allowance" in the civil action seeking an order requiring that the future costs of foster care, estimated at $20,860 per year, be paid from the principal of the trust.
In denying the county's petition the circuit court held:
First of all it's the responsibility of the parents or the parent, whichever the case might be, to provide all the necessary needs of the minor children. This trust fund has been set up upon the settlement of a psychiatric-type case, where there was an abuse involved, and the settlement was set aside for the future use and benefit of the child, notnot to provide current expenses.
Any obligation that might exist because of the county grants in my opinion are the responsibility of the parent or the parents and not the child, and the request to use those funds is denied.
The issue before this court is whether under sec. 46.03(18)(b), Stats., the county is entitled to recover the future costs of the child's foster care from the trust fund established for S.E. Although sec. 46.03(18)(b) does authorize a county to recover from a child the cost of services provided or purchased for the child, we hold that sec. 46.10(2), Stats., allows the court to release the minor *713 from liability for the cost of the services either provided or purchased on the minor's behalf. Therefore, we affirm the decision of the circuit court.
The applicable portion of sec. 46.03(18)(b), Stats., provides:

Any person receiving services provided or purchased under par. (a) or the spouse of the person and, in the case of a minor, the parents of the person, and, in the case of a foreign child described in s. 48.839(1) who became dependent on public funds for his or her primary support before an order granting his or her adoption, the resident of this state appointed guardian of the child by a foreign court who brought the child into this state for the purpose of adoption, shall be liable for the services in the amount of the fee established under par. (a). [Emphasis added.]
The county argues that under the emphasized language a minor is included within the category of "any person" and is personally liable for the cost of foster care. S.E. counters that the specific statement: "and, in the case of a minor, the parents of the person..." creates an exception to the general provision that "any person" is liable for the cost of services provided.
[1]
The proper construction of sec. 46.03(18)(b), Stats., is a question of law that this court reviews without deference to the circuit court. See In re K.D.J., 153 Wis.2d 249, 253, 450 N.W.2d 499, 501 (Ct. App. 1989).
[2]
Our interpretation of sec. 46.03(18)(b), Stats., is governed by conventional rules of statutory construction. If the meaning of the statute is plain, that ends our investigation; we would only resort to outside sources to assist us in statutory construction if the statutory language is ambiguous. See Johnson v. City of Onalaska, *714 153 Wis.2d 611, 615-16, 451 N.W.2d 466, 468 (Ct. App. 1989).
[3]
As drafted, the language of sec. 46.03(18)(b), Stats., does not exempt a minor from financial liability; rather, it provides that in addition to the minor the parent or parents will also be liable. We hold that the language of the statute clearly establishes the legislative intent that a minor and the parent or parents of the minor are liable for services provided or purchased, by the county, on the minor's behalf.
Although sec. 46.03(18)(b), Stats., unambiguously imposes liability on S.E. and his parents according to the fee schedule adopted by the department of health and social services,[2] the county's reliance upon it to control the facts of this case is misplaced.
Section 46.10(1), Stats., provides that that section is the exclusive remedy for liability and imposition of costs of care specified in that section. Jankowski v. Milwaukee County, 104 Wis.2d 431, 435, 312 N.W.2d 45, 47 (1981). Section 46.10(14) provides, in part:
Liability of a person specified in sub. (2) or s. 46.03(18) for... care and maintenance of persons under 18 years of age in residential, nonmedical facilities such as... foster care... is determined in accordance with the cost-based fee established under s. 46.03(18).
Thus, S.E.'s liability for payment of the cost of foster care is exclusively governed by sec. 46.10.
With exceptions not applicable to this case, sec. 46.10(2), Stats., applies to any person receiving care and *715 service from a county department of human services, and provides that:
the person's property and estate, including the homestead ... and, in the case of a minor child, the parents of the person, and their property and estates including their homestead... shall be liable for the cost of the care, maintenance, services and supplies in accordance with the fee schedule established by the department under s. 46.03(18).
To have liability determined and enforced the county must file an application with the circuit court, sec. 46.10(4), Stats.; the court then must follow the procedure set forth in sec. 46.10(5).[3] This exclusive procedure gives the circuit court discretion in determining who is liable, the amount of the liability and the duration of the liability. In the exercise of this discretion, the court has the option of releasing a minor's property from the charges for services provided or purchased on behalf of the minor:
If a... minor... may be lawfully dependent upon the property for [his or her] support, the court shall release all or such part of the property and estate from the charges that may be necessary to provide for those persons.
Section 46.10(2).
*716 In this case the county's "Petition for Allowance" was the functional equivalent of an application to the circuit court to compel payment. Once the jurisdiction of the court had been invoked, S.E. could object to the county's application and present any relevant proof in support of his objection.
[4]
After the court had heard both parties' allegations and proof, it had only to engage in an exercise of discretion; therefore, the decision of the circuit court will be affirmed if the court examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion a reasonable judge could reach. Loy v. Bunderson, 107 Wis.2d 400, 414-15, 320 N.W.2d 175, 184 (1982).
[5]
The circuit court properly exercised its discretion. The court held that the future foster care costs were the responsibility of S.E.'s parent or parents and that the trust fund should not be invaded for this purpose.[4]
[6, 7]
The circuit court properly applied the common law doctrine of necessaries and public policy in reaching its decision. Insulating a minor from liability for the cost of foster care services is in keeping with this state's common law doctrine that parents are legally responsible for the support and maintenance of their child. See In re Estate of Peterson, 66 Wis.2d 535, 540, 225 N.W.2d 644, 646 (1975). This state also has a recognized public policy that this parental duty does not end if custody or physical *717 placement is transferred to another person. See In re K.C., 142 Wis.2d 906, 923, 420 N.W.2d 37, 43 (1988).
[8]
To conclude, sec. 46.03(18)(b), Stats., imposes liability on S.E. and his parent or parents for the future cost of foster care services; it does not give the county an automatic right of recovery. Rather, sec. 46.10, Stats., provides the exclusive procedure and remedy for the imposition and enforcement of liability. Although the procedure followed in this case was not exactly that authorized by the statute, it was sufficient. After the trial court had been asked to compel payment from S.E.'s trust it properly could, within its discretion, discharge S.E.'s property from any charges for the future cost of foster care. The court's order to release S.E.'s trust from the proposed charges was a proper exercise of its discretion and we affirm the order of the circuit court.
By the Court.Order affirmed.
NOTES
[1] By an order dated November 7, 1990, this court took judicial notice, pursuant to sec. 902.01(2), Stats., of Waukesha County Juvenile Court file No. 83-JV-568-C. This file establishes that a Dispositional Order, under sec. 48.355, Stats., was entered by the juvenile court on December 27, 1989. S.E. was adjudged to be a CHIPS juvenile, his custody was transferred to the Waukesha County Department of Social Services and an alternative placement in foster care was ordered.
[2] The rules and fee schedule covering liability for the cost of rehabilitative and social services are contained in Wis. Adm. Code ch. HSS 1.
[3] Section 46.10(5)(a), Stats., provides, in part:

Upon receiving an application under sub. (4) to compel payment, the circuit court shall hear the allegations and proofs of the parties and shall by order require payment of maintenance by the person liable therefor, if of sufficient ability, having due regard to the present needs of the person and his or her lawful dependents. The order shall specify an amount for maintenance to be paid periodically during a specified period or until the further order of the court.... Any party aggrieved by the order or by the judgment of the court my appeal therefrom in the manner provided by law.
[4] Under sec. 48.36(1), Stats., the legal custodian or placement designee may apply to the juvenile court for an order to compel the parent or parents to pay support for any child the court ordered into an alternative, out-of-home placement.